Burns *v.* Connecticut Light & Power Co.

CATHERINE BURNS *vs.* THE CONNECTICUT LIGHT AND POWER COMPANY.

First Judicial District, Hartford, May Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, JS.

One may own property and have some income, and still be partially dependent upon another for support.

In the present case a son, since deceased, had contributed regularly to his mother's support several hundred dollars a year, upon which she relied to maintain herself and minor daughter in their class and position in life. *Held* that she might properly be found to be a partial dependent, although possessed of some property and income.

In measuring the extent of the mother's dependency, the Commissioner took into account the sums contributed by the son weekly ($4) in excess of the worth of his board, the $10 a month paid by him toward the rent, and $150 a year for the mother's clothing. *Held* that these items were allowable beyond question; that contributions toward such continuing or recurrent expenses as telephone bills, and the cost of clothing for the minor daughter, were allowable items; but that a contribution to the cost of painting three rooms was not allowable, such painting not being a continuing or annually recurrent expense.

The defendant contended that any allowance for contributions to the support of the minor daughter, should be limited to the period of her statutory total dependence on the plaintiff, that is, until she became eighteen, and that the award was erroneous because it was to continue beyond that period. *Held* that whether the plaintiff's dependency would change when the daughter became eighteen, and if so, to what extent, were questions of fact for the Commissioner to pass upon if and when they arose.

It is not inequitable to measure dependency by including contributions made by a decedent while receiving higher wages than when he was injured, because any possible inequity is mitigated by the

Burns *v.* Connecticut Light & Power Co.

statutory limitation of the maximum award to one half the average weekly wage earned in the six months next preceding the injury. Dependency is a fact, and as such may be proved without an arithmetical demonstration.

Argued May 5th—decided August 4th, 1922.

APPEAL by the defendant from a finding and award of the Compensation Commissioner for the first district in favor of the plaintiff, taken to the Superior Court in Hartford County (*Avery, J.*) which recommitted the finding for the Commissioner to mark a certain paragraph of the defendant's motion to correct as "proven" or "not proven," and thereafter the cause was tried to the court, *Hinman, J.;* the court rendered judgment confirming the award and dismissing the appeal, and the defendant appealed. *No error.*

*William E. Thoms* and *Carroll C. Hincks*, for the appellant (defendant).

*William F. Mangan*, for the appellee (plaintiff).

BEACH, J. The plaintiff applied for and was awarded compensation as a partial dependent on her son, Robert T. Burns, who died as the result of an injury arising out of and in the course of his employment by the defendant.

The reasons of appeal relate to the conclusion that upon the facts found the plaintiff was a partial dependent on the deceased; and to the extent of the dependency, if any.

As to the conclusion of partial dependency, the defendant relies on *Atwood* v. *Connecticut Light & Power Co.*, 95 Conn. 669, 112 Atl. 269, in which we said, p. 676, that "the finding is not susceptible of other interpretation than that the plaintiff did have sufficient means at hand for supplying the present necessities

of himself and family, judging these according to his class and position in life." The defendant claims that the same may be said of the finding in this case; but we do not agree with that claim. It is found that the plaintiff is a widow owning an undivided one-third interest in two houses which are worth $12,000. She and six children living at home occupy the first floor of the larger house. All of the children except the youngest, who is sixteen years old, pay board, and the plaintiff's gross income from this source is $43 a week. How much of this is available as net profit for the support of the plaintiff and her youngest daughter, who pays no board, is not found, unless some inference may be drawn from the finding that the board of the deceased, who paid $15 a week, was worth $11.

The plaintiff's only other sources of income are from $400 in a savings-bank, and the equivalent of $15 a month received in the form of reduced rent on account of her undivided one-third interest in the two houses. There is nothing in these findings which puts the plaintiff beyond the pale of dependency, nor is it a fatal omission that there is no specific finding as to the amount reasonably required to supply the present necessities of the plaintiff. Dependency is a fact, and it may be proved as a fact without an arithmetical demonstration.

In measuring the extent of the dependency, the Commissioner included $4 a week paid by the deceased in excess of the worth of his board, and $10 a month contributed by him toward rent. These items are hardly disputable after the fact of partial dependency is established. The same is true of a contribution of $150 for clothing for the plaintiff and of certain minor items, making a total annual contribution of $497.90, which we regard as allowable beyond question. Certain other items allowed by the Commissioner have been

disallowed by the Superior Court and are out of the case.

Those which remain and require notice are as follows: $30 for the plaintiff's telephone bill; painting three rooms $30 and $8.50 for brushes for same, and $200 representing the cost of clothing for the youngest daughter, Catherine.

No error is apparent in allowing the telephone bill of $30. The Commissioner has found, in paragraph 13 of the finding, that the plaintiff relied on the deceased to maintain herself in her class and position in life to the extent of $17.68 a week; and this sum includes all of the items allowed by the Commissioner. A motion to strike out paragraph 13 was denied, and it must stand as a finding that the plaintiff relied on each and every item allowed by the Commissioner. That being so, and the telephone bill being in the nature of a continuing expense, we cannot say that it was not an allowable item.

The item of $38 for painting three rooms and brushes for same, stands on a different footing. It is not a continuing or an annual recurrent expense, and the defendant ought not to be charged on the theory it was such.

As to the item of $200 for clothing for Catherine, it appears that she was sixteen years old at the date of the award, and by statute conclusively presumed to be wholly dependent on the plaintiff.

The Commissioner has practically found, in his second memorandum of decision, that $200 a year for clothing is necessary and suitable for such a girl according to present prices and standards of living; and we cannot say that this finding is erroneous. Though the money was given to Catherine, it was, because of her total dependency, a contribution toward the living expenses of the plaintiff. It is contended

that any allowance for the cost of Catherine's clothing should be limited to the period of her statutory total dependency on the plaintiff, and that the award is erroneous because it continues beyond that period. This contention, if sound, would apply to the entire cost of supporting Catherine. It cannot now be foretold whether or not the extent of the plaintiff's dependency on the deceased will change when Catherine reaches the age of eighteen. Whether it does, and if so, to what extent, will be questions of fact for the Commissioner to pass upon, if and when they arise. In the meantime, the award must stand, for the error in including the item of $38.50 for painting and brushes does not affect the result; because, after deducting that item, the average weekly contribution of the decedent, on which the plaintiff relied, still exceeds one-half of his average weekly wage.

The defendant's claim that it is inequitable to measure the dependency by including contributions made while the deceased was receiving a higher wage than that earned at and for some time before the injury, is not well founded, because the statute mitigates any possible inequity in such cases by limiting the maximum award to one half of the average weekly wage earned in the six months next preceding the injury, and in this case the result is that the award is based wholly on the lower wage.

There is no error.

In this opinion the other judges concurred.