MARY McKANE *v.* CAPITAL HILL QUARRY CO. ET AL.

May Term, 1926.

Present: POWERS, SLACK, and FISH, JJ., and MOULTON and CHASE, Supr. JJ.

Opinion filed October 16, 1926.

*Master and Servant—Workmen's Compensation Act—Conclusiveness of Findings of Commissioner of Industries—Burden of Proof on Petitioner—Jurisdiction of Supreme Court on Appeal—Burden of Proof Under G. L. 5783.*

1. Findings of commissioner of industries are binding on Supreme Court, if sufficiently supported by evidence.

2. Burden is on petitioner, seeking benefits under Workmen's Compensation Act as widow of deceased employee, to establish facts essential to right asserted.

3. Under G. L. 5808, jurisdiction of Supreme Court on appeal from decision of commissioner of industries is limited to review of such law questions as commissioner certifies to such Court.

4. Where one receiving compensation, fixed by agreement, became insane and committed suicide, his widow seeking compensation under G. L. 5783 had burden of procuring finding that her husband, with knowledge of purpose and physical effect of his act, made a voluntary and wilful choice to end his life, and such construction cannot be given to finding of commissioner of industries that such man became insane from effects of his injury, and while in that condition committed suicide.

APPEAL from findings and order of commissioner of industries, Washington County, dismissing petition of widow of deceased workman for payment of compensation under G. L. 5783. The opinion states the case. *Affirmed.*

*Edward C. Dufficy* for petitioner.

*Albert A. Sargent* for employer and insurer.

Powers, J.   On July 13, 1922, William McKane, while in the employ of the Capital Hill Quarry Company, was injured under circumstances entitling him to compensation.   On September 1, 1922, he entered into a written agreement with the United States Fidelity & Guaranty Company, the insurance carrier of the Quarry Company, by the terms of which he was to receive compensation at the rate of $14.50 per week—which was one-half his average weekly wage—for an unspecified number of weeks. This agreement was duly approved by the commissioner of industries.   Some time later, about July 1, 1923, he became insane from the effects of his injury, and remained in that condition until December 30, 1924, when he committed suicide.   At that time, the terms of the agreement above referred to had been fully complied with by the insurance carrier.

Mary McKane, widow and sole dependent of William McKane, filed her petition with the commissioner seeking an order that the compensation aforesaid be paid to her during the remainder of the two hundred and sixty weeks specified in the statute, and basing her claim on G. L. 5783.   Upon hearing, the commissioner found the facts in accordance with the foregoing statement and further found that McKane's death "was due to his injury * *."   Thereupon, he dismissed the petition and the petitioner appealed to this Court under G. L. 5808.

[1, 2]   That the findings of the commissioner are binding on this Court if sufficiently supported by evidence is beyond question.   *Roller* v. *Warren*, 98 Vt. 514, 517, 129 Atl. 168; and it is equally true that the burden is on the petitioner to establish the facts essential to the right asserted.   *Kelley's Dependents* v. *Hoosac Lumber Co.*, 95 Vt. 50, 53, 113 Atl. 818; *In re Sponatski*, 220 Mass. 526, 108 N. E. 466, 467, L. R. A. 1916A, 333.

[3]   The very first fact that this petitioner is required by G. L. 5783 to establish is that McKane died from a cause other than the accident of July 13, 1922.   This she has not done.   As we have seen, the finding on this point is against her.   We do not sit in appeals like this as a fact-finding body; our jurisdiction is specifically limited to a review of such law questions as the commissioner certifies up to us.   G. L. 5808.   Giving these the

broadest possible scope, they amount to a challenge of the finding that the suicide resulted from the injury. The investigation and determination of such questions are or may be attended with much difficulty. The law is well settled that a suicide while insane may be so far caused by accidental injuries as to entitle dependents to compensation. See 6 A. L. R. 570. But in determining that question, consideration must be given to matters of proximate and intervening causes. For it is held that when the insanity resulting from an accident ends in a suicide which is the result of an uncontrollable impulse or in a delirium of frenzy, and without conscious volition to produce death having knowledge of the physical consequences of the suicidal act, there is a direct and unbroken causal connection between the accident and the death, and compensation therefor is to be awarded. But when the suicide is the result of a voluntary, wilful choice, with knowledge of the purpose and physical effect of the act, a new and independent agency intervenes, breaks the chain of causation, and compensation is to be denied. In compensation cases, the rule is the same as in negligence cases, as is shown by the Sponatski Case, above cited, the language and reasoning of which we adopt.

[4] This petitioner, to be sure, is not seeking to show that this suicide was a proximate result of the accident, but the contrary,—that it was the result of a new and independent cause. But the rule is the same. The burden was on her to procure a finding to the effect that McKane, with knowledge of the purpose and physical effect of his act, made a voluntary and wilful choice to end his life. We cannot construe the findings as meaning that; we cannot say that the specific finding above quoted is unsupported by the evidence; and we cannot say that the evidence, as matter of law, required such a finding as would support the petitioner's claim.

This being so, the other questions discussed need not be considered.

*Order affirmed. Let the result be certified to the commissioner of industries.*