JOSEPHINE MADEO *vs.* I. DIBNER & BROTHER, INC.,
ET ALS.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued June 10th—decided July 30th, 1936.

*James E. McKnight,* for the appellant (plaintiff).

*Ralph O. Wells,* with whom were *Harold K. Watrous* and *Edward S. Pomeranz,* and, on the brief, *William S. Locke,* for the appellees (defendants).

MALTBIE, C. J.   The commissioner found that the claimant was suffering disability due to tuberculosis which she had contracted in the course of her employment by the defendants in their business of manufacturing women's dresses; that the factory room in which she worked was badly crowded, her hours of employment were long, the conditions under which she worked were very unsanitary, and she had been exposed to the disease because of the fact that other employees with whom she was brought in contact were suffering from it; and that by reason of the conditions of her employment "she was exposed to infection in excess of the ordinary hazards of employment as such."   The commissioner awarded compensation and the defendants appealed to the Superior Court.   The trial court sustained the appeal and remanded the case to the commissioner with direction to dismiss the claim.   From that judgment the plaintiff has appealed.

The trial court made numerous corrections in the finding, but the only respect in which the plaintiff claims that it erred in so doing was in the addition of a statement that the ordinary pulmonary tuberculosis from which the plaintiff was suffering is a non-occupational disease, not peculiar to the occupation in which the plaintiff was engaged.   Both the doctor called by her and the one called by the defendants so testified; and the claim of the plaintiff as presented in her brief is really not that tuberculosis is necessarily or usually contracted by one employed in the manufacture of dresses, but that where the disease results from unsanitary conditions under which an employee is required to work, the tuberculosis resulting from exposure to those conditions is an occupational disease.

In *Hines* v. *Norwalk Lock Co.*, 100 Conn. 533, 541, 124 Atl. 17, decided in 1924, we defined the scope of

the Workmen's Compensation Act as the statutes then stood, as follows: "Personal injury, as used in our Compensation Act, means any harm or damage to the health of an employee, however caused, whether by accident, disease or otherwise, which arises in the course of and out of his employment and incapacitates him in whole or in part for such employment." In *De la Pena* v. *Jackson Stone Co.*, 103 Conn. 93, 130 Atl. 89, we sustained a claim by a dependent wife whose husband became ill from influenza which shortly developed into lobar pneumonia as a result of the conditions under which he had been compelled to carry on his employment as a marble setter. We said (p. 99): "A compensable personal injury is an abnormal condition of a living body which arises out of and in the course of the employment and produces an incapacity to work for the requisite statutory period. . . . It may be caused by accident or disease, and includes diseases peculiar to an occupation except those of a 'contagious, communicable or mental nature.'" In *Madore* v. *New Departure Mfg. Co.*, 104 Conn. 709, 134 Atl. 259, we reviewed our decisions and restated the law in accordance with the quotations we have made in the two previous cases.

The *Madore* case was decided in July, 1926, and at the legislative session of 1927 the Workmen's Compensation Act was amended so as to define a personal injury as including only an "accidental injury which may be definitely located as to time when and place where the accident occurred, and an occupational disease as herein defined;" and to define an occupational disease as "a disease peculiar to the occupation in which the employee was engaged and due to causes in excess of the ordinary hazards of employment as such." These provisions have since continued as a part of the act. General Statutes, § 5223. The pur-

pose of the amendment was to limit the scope of the act as it applied to diseases and to include in it only certain types which occupied a definite relationship to the occupation of the employee.

In *Glodenis* v. *American Brass Co.*, 118 Conn. 29, 40, 170 Atl. 146, we pointed out that the amendment did "not require that a disease, to be within the definition, should be one which arises solely out of the particular kind of employment in which the employee is engaged, nor that it should be due to causes in excess of the ordinary hazards of that particular kind of employment;" that the phrase "peculiar to the occupation" was not "used in the sense that the disease must be one that originates exclusively from the particular kind of employment in which the employee is engaged, but rather in the sense that the conditions of that employment must result in a hazard which distinguishes it in character from the general run of occupations;" and we said that "To come within the definition an occupational disease must be a disease which is a natural incident of a particular occupation, and must attach to that occupation a hazard which distinguishes it from the usual run of occupations and is in excess of that attending employment in general." This definition requires that, to constitute an occupational disease, the disease must be a natural incident of a particular kind of employment, one which is likely to result from that employment because of its inherent nature. It does not include a disease which results from the peculiar conditions surrounding the employment of the claimant in a kind of work which would not from its nature be more likely to cause it than would other kinds of employment carried on under the same conditions. See, in addition to the cases cited in the *Glodenis* case, *Sullivan Mining Co.* v. *Aschenbach*, 33 Fed. (2d) 1, 3. Thus, pneumoconi-

osis resulting from wet grinding is an occupational disease; *Rouso* v. *Collins Co.,* 114 Conn. 24, 28, 157 Atl. 264; but pneumonia resulting from exposure incurred in highway construction is not. *Galluzzo* v. *State,* 111 Conn. 188, 192, 149 Atl. 778.

In this case the plaintiff's disease resulted from the conditions of her particular employment in the factory of the defendants. Other trades carried on under those conditions would have been as likely to cause the disease as the manufacture of dresses. To hold, as the plaintiff contends, that because those conditions produced the disease it was occupational in its nature, would be to bring back within the scope of the act cases such as *De la Pena* v. *Jackson Stone Co.,* supra, and *Galluzzo* v. *State,* supra, and to make our law closely approximate that which existed before the amendment of 1927, without the exception, then a part of the statute, which excluded "occupational diseases which were of a contagious, communicable or mental nature." To award · compensation to the claimant in this case would be to go against the legislative intent embodied in the amendment of 1927 and to violate the statute as it has since stood. The case of this plaintiff is appealing, for the finding discloses that the tuberculosis from which she has suffered was contracted because of conditions of employment which never should have been permitted to exist; but if such cases are to be brought within the act it can only be as the result of changes in the law to be made by the Legislature.

There is no error.

In this opinion the other judges concurred.