Robert E. TOURVILLE, Plaintiff-Appellant,

v.

UNITED AIRCRAFT CORPORATION (PRATT & WHITNEY AIRCRAFT DIVISION), Defendant-Appellee.

No. 87, Docket 25162.

United States Court of Appeals Second Circuit.

Argued Dec. 12, 1958.

Decided Jan. 6, 1959.

William S. Zeman, Hartford, Conn., for plaintiff-appellant.

John D. Fassett, New Haven Conn. (Frank E. Callahan, New Haven, Conn., on the brief), for defendant-appellee.

Before CLARK, Chief Judge, and HINCKS and LUMBARD, Circuit Judges.

PER CURIAM.

The action below was one brought against the plaintiff's employer for damages arising from the aggravation of tuberculosis allegedly caused by the employer's negligent failure to warn the

plaintiff of incipient symptoms disclosed by X rays taken at the employer's plant hospital. The court below granted defendant's motion for summary judgment, in an unreported memorandum decision, upon the ground that the employer's liability was governed solely by the provisions of the Connecticut Workmen's Compensation Act.

■ The Connecticut legislature has provided that its Workmen's Compensation Act shall be the sole avenue for recovery for an employee sustaining a personal injury arising out of and in the course of his employment. Conn. Gen.Stat. of 1949, section 7419. Unless tuberculosis arises out of the employment, it is not a compensable disease. Madeo v. I. Dibner Bros., Inc., 121 Conn. 664, 186 A. 616, 105 A.L.R. 1408. However, the plaintiff's claim was based not upon the tubercular condition, concededly not traceable to the conditions of employment, but upon a nonfeasance, the negligent failure to warn. In no Connecticut case has it been expressly decided that nonfeasance may amount to an "accidental injury which may be definitely located as to the time when and the place where the accident occurred * * *." Conn. Gen.Stat.1955 Supp., section 3037d. But the aggravation, in the course of employment, of a nonoccupational disease has been held to be compensable under the Act. Cashman v. McTernan School, 130 Conn. 401, 34 A.2d 874. And we think Judge Smith was correct in reasoning that the failure to inspect the X ray plates carefully and promptly to warn the plaintiff sufficiently located "the accidental injury as to the time when and place where the accident occurred" or, in the alternative, that the continuing failure to warn constituted "repetitive acts incident" to the employment for which compensation is available. The judge's earlier, and contrary, decision in Wiblyi v. General Motors Corp., unreported, Civil No. 4519, D.C.Conn. (1953), was properly overruled.

Affirmed.