## Ethel Peabody v. Jones & Lamson Machine Co. et al

[ 176 A.2d 759 ]

May Term, 1961

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed November 7, 1961

*Black and Plante (Frederick J. Glover* on the brief) for the claimant.

*Webber, Costello & French* for the defendants.

**Barney, J.** The claimant, Ethel Peabody, was found by the Commissioner of Industrial Relations to be a partial dependent of her son during his lifetime, within the terms of 21 V.S.A. §634. The son died under circumstances yielding workmen's compensation coverage for qualified dependents. Upon his death the claimant, as beneficiary, became entitled to the proceeds of life insurance policies in the amount of $9,560.00 and government bonds in the amount of $75.00. As sole legatee of her son's estate the claimant became entitled to an additional sum amounting to a little over $200.00.

The commissioner found that the receipt of these assets terminated the claimant's partial dependency and declared her ineligible to receive compensation from the employer or the insurance carrier. The provisions of 21 V.S.A. §634, defining dependants, includes a parent "only if actually dependent, wholly or partially, upon the deceased." 21 V.S.A. §635, setting out the periods of compensation, limits compensation to a parent "during the continuation of a condition of actual dependency." The claimant brings the commissioner's determination here for review.

By the provisions of 21 V.S.A. §672 the jurisdiction of this Court upon transfer of the cause directly here is limited to a review of questions of law certified to us by the commissioner. The parties, confirmed by the commissioner's record, agree that the sole issue is the dependency status of the claimant following the death of her son. In particular, the claimant advances the proposition that for a person of her age and situation the proceeds of the life insurance policy and the estate were insufficient to alter her partial dependency status which existed prior to the death of her son. As the party seeking recovery, she had the burden of establishing that her dependency status entitled her to compensation.

The commissioner's finding of partial dependency was based on undisputed facts reported in his findings. In brief, the claimant is seventy years of age and owner of a ten-room house in Guild, New Hampshire, where she lives. The house was formerly a two-tenement dwelling. While the deceased son, his sister and her husband and child shared the premises with the claimant the two-tenement division was not maintained. Although the claimant was employed two days a week in the recent past in a hospital in Newport, New Hampshire, she was forced to give up work for reasons of health. Her husband deceased in 1957 and she receives $69.80 per month in social security benefits. She has four other married children who have separate homes elsewhere, as well as an unmarried daughter who is a patient at the State Hospital in Concord, New Hampshire.

The contributions from claimant's deceased son took the form of a share of the expense of groceries and supplies, payment of part of the taxes, payment of half the fuel and electricity expense, payment of all of the gas bill, payment of all his mother's Blue Cross insurance, and payment of $400.00 remodeling expense for the kitchen of the

house. Both the claimant and her son contributed clothing and incidentals for the daughter in the Concord State Hospital, and the son paid premiums of $30.13 per year on a straight life insurance policy on his sister's life. At the time of his death his earnings averaged $126.02 per week.

■ No question of the admissibility of evidence of the insurance and estate proceeds before the commissioner has been brought here. His findings took note of them and his adjudication was based on them. However, there is a suggestion in the brief of the claimant that these assets should not, as a matter of law, be considered in weighing dependency. Nothing in 21 V.S.A. §§634 and 635 indicates the exclusion of any kinds of resources in evaluating dependency status. Indeed, the use of forms of the word "actual" in both sections, a statutory term emphasized by the claimant, points rather to a legislative intent that the dollars and cents position of the claimant be weighed without regard to the origins of whatever means she may possess.

■■ More strongly argued is claimant's position that the insurance and estate benefits were insufficient in amount to affect the dependency status in this case, and to support the commissioner's order. It is evident that the determination of the commissioner was fundamentally factual. His authority over the facts is made paramount by the statute in this type of appeal. Review of the facts is confined to the issue of law relating to the sufficiency of the evidence to support the factual findings. *McKane* v. *Capital Hill Quarry Co.,* 100 Vt. 45, 46, 134 Atl. 640. The question is not whether this Court agrees or disagrees with the judgment of the commissioner as to the resources and dependency of the claimant on the evidence presented. The resolution of the factual issues was for him and is binding here in the presence of evidentiary support. *In re Hathorn's Transportation Co.,* 121 Vt. 349, 357, 158 A.2d 464; *Petition of Lyndonville Village,* 121 Vt. 185, 190, 151 A.2d 319. It is apparent from the findings that the commissioner made a quantitative evaluation of the change in the financial position of the claimant brought about by her son's death. We cannot say that his findings as to that change are unsupported by the evidence, and even less can we say that the evidence, as a matter of law, required a finding of actual dependency in any degree. *McKane* v. *Capital Hill Quarry Co., supra,* 100 Vt. 45, 47, 134 A. 640.

██ Claimant also suggests that misconstruction of statutory language led the commissioner to erroneously refuse compensation. Her argument is that the use of the word "actual" in connection with dependency means merely, as she puts it, "dependency in fact." How this interchange of terms removes the evidentiary support for the commissioner's conclusions is not demonstrated. The statute clearly indicates that the dependency in case of a parent, whether whole or partial, must have real existence for compensation to be required. The commissioner has, in effect, said that the facts of this case do not justify an award. It was the duty of the claimant to produce the supporting evidence. *McKane* v. *Capital Hill Quarry Co., supra,* at page 46. She was not successful. No legal shortcomings in the commissioner's proceedings have been pointed out, therefore no basis for reversal of the judgment has been demonstrated.

*Order affirmed. Let the result be certified.*