## Harvey E. Moody, Jr. v. Humphrey & Harding, Inc.

[ 238 A.2d 646 ]

December Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 6, 1968

*Bloomer & Bloomer* for petitioner.

*Donald M. French* for petitionee.

**Keyser, J.** This is an appeal under 21 V.S.A. §672 taken by the defendants from the findings and award of the commissioner of industrial relations. In appeals direct to this court our review is limited

solely to questions of law certified up by the commissioner. 21 V.S.A. §672.

Two questions of law are certified to this court for determination.

(1) Did the claimant, Harvey E. Moody, Jr. sustain an injury in the course of and arising out of his employment with Humphrey & Harding, Inc.?

(2) Is the order of the Commissioner of Industrial Relations supported by the evidence?

The commissioner heard the case, made findings and issued an order based thereon. The only witness produced at the hearing was the claimant whose testimony was uncontradicted.

■ The defendants claim findings 7 and 8 are not supported by the evidence. The resolution of the factual issues was for the commissioner and his findings are conclusive and binding on this court in the presence of evidentiary support. *Goodwin* v. *Fairbanks, Morse & Co.*, 123 Vt. 161, 166, 184 A.2d 220; *Peabody* v. *Jones & Lamson Machine Co.*, 122 Vt. 431, 433, 176 A.2d 759.

■■ A review of the facts found by the commissioner is confined to the issue of law relating to the sufficiency of the evidence to support the factual findings. *Peabody* v. *Jones & Lamson Machine Co., supra.* And we must test the sufficiency of the facts from a point of view favorable to the award, if this can reasonably be done. *Marsigli Estate* v. *Granite City Auto Sales, Inc.*, 124 Vt. 95, 99, 197 A.2d 799.

The claimant was employed by defendant Humphrey & Harding on January 3, 1967. He was a mason and had worked at his trade for four years. On the above date the claimant with two other masons was working at the medical center building at the University of Vermont laying a cement floor. Their work was screeding the cement floor which is a leveling and smoothing process of the poured cement and requires the workmen to bend over all the time. About 11 A.M. while the claimant was bent over and pulling a 2 x 4 piece of lumber used in screeding, he experienced a pulling sensation. It felt as though something was pulling his back apart as he bent over and he suffered pain. The claimant worked until 11:30 that night but had to quit because his back hurt him so much and he could hardly stand up. The

next day he was unable to get out of bed because of the condition of his back.

Claimant saw Doctor Prakelt on January 5 and about five or six times in all. The doctor had x-rays taken of claimant's back at the hospital and then prescribed a back brace. The claimant purchased it and has worn it ever since. Claimant also consulted Doctor Rust who told claimant after an examination to rest and not go back to work. The claimant began working again on April 26 or 27 although his back was no better and he still had pain in his low back. His return to work was because he needed money to pay his bills. The expenses incurred by claimant were for doctors' bills, x-rays, back brace and medicine but no bills had been rendered to him at the time of hearing. Claimant had never before experienced trouble with his back.

By finding No. 7 the commissioner decided the first question certified affirmatively. The defendants argue that there is no evidence that the claimant was ever injured in any way. They claim the finding of an injury is inferred from claimant's statement of pain.

Claimant's work required a constant bending over pulling a 2 x 4 piece of lumber in order to level and smooth wet cement poured for the floor of the medical center building. It was while doing this type of work that claimant testified "I felt as if something was pulling my back apart as I bent over" and "I had to quit at eleven thirty that night because it hurt me so much. I could hardly stand up." After this he consulted doctors, had x-rays, wore a back-brace, had medication for pain, and had to rest under the advice of his doctor.

In *Giguere* v. *E. B. & A. C. Whiting Co.*, 107 Vt. 151, 164-165, 177 A. 313, 316, 98 A.L.R. 196, we held that the plaintiff suffered an injury by accident when as a result of lifting a tray or rack from the floor he felt sudden, sharp pain on his left side and found he had received a hernia.

In the *Giguere* case the court adopted as applicable to our act the definition given by Lord MacNaghten in *Fenton* v. *Thorley & Co.* (1903) A.C. 443 where he said: "If a man, in lifting a weight or trying to move something not easily moved, were to strain a muscle, or rick his back, or rupture himself, the mishap in ordinary parlance would be described as an accident. Anybody would say that the man had met with an accident in lifting a weight, or trying to move something too heavy for him."

The *Fenton* case was factually similar to the *Giguere* case. There the plaintiff was attempting to move a wheel when he suddenly felt "a tear in his side" and discovered he had ruptured himself.

A cerebral hemorrhage received by an employee following physical exertion was held to be an injury by accident in *Laird* v. *State of Vermont Highway Dept.*, 112 Vt. 67, 85, 20 A.2d 555.

In the *Laird* case at page 85, 20 A.2d at page 564 the court approved the following quotation appearing in an English case: "An accident arises out of the employment when the required exertion producing the accident is too great for the man undertaking the work, whatever the degree of exertion or the condition of his health."

■ It is of substantial significance that the claimant's injury occurred during the hours that the claimant was working for his employer and on premises where he was directed to work. It is enough to say that an injury arises in the course of the employment when it occurs within the period of time when the employee was on duty at a place where the employee may reasonably be expected to be while fulfilling the duties of his employment contract. *Marsigli Estate* v. *Granite City Auto Sales, Inc., supra,* 124 Vt. at page 98, 197 A.2d 799.

■ We find a sufficient basis in the evidence to support the finding that claimant sustained an injury in the course of and arising out of his employment. The claimant had made out a *prima facie* case for an award. If the defendants disagreed as to claimant's injury they had the opportunity to produce evidence to dispute it if they had desired to do so.

■ Inasmuch as this finding No. 7 is legally supported by the evidence it is binding on us and sustains an award as provided by statute. *Goodwin* v. *Fairbanks, Morse & Co., supra.*

■ The defendants also argue that finding No. 8 is not supported by the evidence. A full quote of the finding is necessary as it is quite indefinite and must be amended. This finding reads:

"I find claimant is entitled to temporary total disability compensation, except for the two weeks he actually worked, at the rate of $41.00 per week beginning on January 4, 1967, plus $2.50 per week for his dependent child, Richard, beginning January 11,

1967, and continuing until such time as he has reached an end result in his healing process or is able to return to work, at which time the degree of permanent partial disability, if any, shall be determined either by agreement of the parties or by further hearing. In addition to the medical expenses incurred by the claimant for the services of Dr. Prakelt, and the medical expenses for other services and supplies, as set forth in Finding No. 4, claimant is further entitled to the payment of all future medical and hospital services and supplies as he may reasonably incur as a direct result of his accidental injury."

The claimant testified that he returned to his work as a mason on April 26th or 27th. This was two weeks before the hearing. He did the same kind of work as before and earned $5.25 an hour. The commissioner only found in finding No. 6 that "claimant attempted to work the two weeks immediately prior to the hearing." This finding that claimant "attempted to work" is not supported by the evidence. He worked even though he said he still had pain in his low back. In finding No. 8 the commissioner found only that claimant was entitled to compensation "except for the two weeks he actually worked." Definite findings are required to establish whether claimant is legally entitled to temporary total compensation after April 27th. There is a shortage in the findings in this respect. "When maximum earning power has been restored or the recovery process ended, the temporary aspects of the workman's disability are concluded." *Orvis* v. *Hutchins,* 123 Vt. 18, 24, 179 A.2d 470, 474. See also *Sivret* v. *Knight,* 118 Vt. 343, 109 A.2d 495 ; *Roller* v. *Warren,* 98 Vt. 514, 129 A. 168.

■ The findings should state with definiteness the period for which temporary total compensation is to be paid. If the claimant returned to work which restored his maximum earning power, the order should so state.

Permanent total or partial disability was not at issue in the case. Findings as to this or payment of any future expenses for medical, hospital care or supplies are not properly included in the order and are struck therefrom. Such issues are to be determined in other proceedings.

■ The defendants say because the medical and other bills connected with claimant's injury were not introduced at the hearing

58

they were deprived of their right to cross-examination. The fact that expenses were incurred is clear from the evidence but their amount, necessity and reasonableness has not been determined.

In this situation it is proper for the order to provide that the bills when rendered to the claimant are to be presented by him to the defendant insurer for its approval and if unapproved decision on the matter is for the commissioner after hearing. Thus, the insurer is not precluded from testing such expenses.

*The award is affirmed, and the cause is remanded to the Commissioner of Industrial Relations with directions to amend his findings and order consistent with the view expressed herein. To be certified.*