# Margaret Sharron Masterson v. The Rutland Hospital, Inc.

[271 A.2d 848]

No. 54-70

Present: **Holden, C.J., Shangraw, Barney and Keyser, JJ., and Larrow, Supr. J.**

Opinion Filed December 1, 1970

*Langrock & Sperry*, Middlebury, for Plaintiff.

*Ryan, Smith & Carbine*, Rutland for Defendant.

**Holden, C.J.** This appeal results from the denial of an employee's claim for workmen's compensation. The commissioner of labor and industry dismissed the employee's notice of injury and claim for compensation. The question certified, pursuant to 21 V.S.A. § 672, is whether the facts stated by the claimant constitute a compensable claim under the Workmen's Compensation Law or Occupational Disease Law.

The nature of the injury is alleged to be pulmonary tuberculosis. Its cause is stated to be "(c)ontact with tuberculosis at the Rutland Hospital—between 4 December 1967 and September 1968."

Pulmonary tuberculosis is not an occupational disease specified in 21 V.S.A. § 1019 and hence is not within the compensatory provisions of the Occupational Disease Law of 1951. The appellant makes no argument to the contrary. The single question is whether pulmonary tuberculosis, as described in the claim, constitutes "a personal injury by accident" within the Workmen's Compensation Law.

According to our statute, a workman who "receives a personal injury by accident arising out of and in the course of his employment" is entitled to compensation. 21 V.S.A. § 618.

This term, as used in section 618, is defined in 21 V.S.A. § 601(11)(A):

> "Personal injury by accident arising out of and in the course of such employment" includes an injury caused by the wilful act of a third person directed against an employee because of his employment; it also includes, in the case of a fire fighter, disability or death from a heart injury or disease incurred or aggravated and proximately caused by service in the line of duty but does not include other disease unless it results from the injury.

Our enactment was derived from the British Workmen's Compensation Act. We have accepted the meaning of the word "accident," as construed in the English statute, to be an "unlooked for mishap or an untoward event which is not expected or designed." *Giguere* v. *Whiting Co.*, 107 Vt. 151, 157, 177 A. 313 (1935). And the Court held in *Morrill* v. *Bianchi & Sons, Inc.*, 107 Vt. 80, 176 A. 416 (1935), that injuries from an accidental fall by a workman which aggravated and accelerated preexisting pulmonary tuberculosis to an acute stage, which caused his death seven weeks after the accident, entitled his widow to compensation under the act.

The meagre facts which compose this appeal fail to establish that the claimant's disease resulted from personal injury attributed to any fortuitous event. According to the statement of claim, the disease was contracted during an extended period of time.

It was provided in our Workmen's Compensation Act, as first written, that personal injury by accident "shall not in-

clude a disease except as it shall result from the injury." 1915, No. 164 § 58(d). This limitation has continued to the present time. In cases concerned with infectious diseases, this limitation is important. See 1A A. Larson, Workmen's Compensation Law § 40.30 (1967).

■ The early definition was enlarged in 1959 to include, in the case of a fire fighter, disability or death from a heart injury or disease incurred or aggravated in line of duty. 1959, No. 222 § 1. The special exception provided in the case of firemen disabled by heart disease, makes it clear that the Legislature did not intend to save other diseases from the exclusion of the statute. *Fairbanks, Morse & Co.* v. *Commissioner of Taxes,* 114 Vt. 425, 431, 47 A.2d 123 (1946).

It is also significant that the General Assembly differentiated between "personal injury by accident" and "disease" by enacting the Occupational Disease Law. 1951, No. 180, 21 V.S.A. §§ 1001–1023. Although the statute is to be liberally construed, the courts cannot ignore the plain intent of the Legislature expressed in the language and history of the enactment. *Morrill* v. *Bianchi & Sons, Inc., supra,* 107 Vt. at 90.

Cases from jurisdictions whose workmen's compensation laws are unrestricted by special definitions and limitations have produced varying results. It has been held that the unexpected contraction of an infectious disease that bears a causal connection between the working conditions and the resulting illness was "accidentally sustained," although the illness was not related to a specific mishap. *Industrial Commission* v. *Corwin Hospital,* 126 Colo. 358, 250 P.2d 135, 137 (1952). But with statutes which limit compensation to disease resulting from injury, an affliction without injury is not compensable. *Madeo* v. *Dibner & Bro., Inc.,* 121 Conn. 664, 186 A. 616, 618 (1936). *Smith's Case,* 307 Mass. 516, 30 N.E.2d 536, 537 (1940); [statute later amended, Mass. Gen. Laws, 1941 Ch. 152 § 1(7a) (Ter. ed.)] Larson, *supra,* § 40.30. See also *Johnson* v. *Industrial Commission of Ohio,* 164 Ohio St. 297, 130 N.E.2d 807, 812 (1955).

Cases in which a causal connection is established between the disability and exposure to conditions of employment which result in illness exert a strong appeal for compensatory relief.

But the corrective remedy lies with the Legislature to change the coverage of the statute, rather than with the courts. *Madeo* v. *Dibner & Bro., Inc., supra,* 186 A. at 618.

 The plain language and statutory design of the Vermont Workmen's Compensation Law restricts compensation for disease to those illnesses which result from accidental injury, save only in cases of fire fighters stricken by heart ailment while in line of duty. Since the plaintiff's claim does not come within the statutory exception, the question certified by the commissioner must be answered in the negative.

*The order of the commissioner, dismissing the notice of injury and statement of claim, is affirmed. Let the result be certified.*