# Wayne F. Lapan v. Berno's Inc. and Travelers Insurance Company

[406 A.2d 390]

No. 131-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 10, 1979

*William R. Brooks* of *Tyler and Bruce*, St. Albans, for Plaintiff.

*Robert A. Mello* of *Downs, Rachlin & Martin*, South Burlington, for Defendants.

**Billings, J.** This appeal results from an award of benefits to the claimant-appellee (hereinafter referred to as the claim-

ant) under the Workmen's Compensation Act, 21 V.S.A. §§ 601–709. The issue certified here pursuant to 21 V.S.A. § 672 is whether the facts found below constitute a compensable claim under the Act. We reverse.

The claimant was employed by the defendant Berno's Inc. installing appliances, such as washers and freezers, which involved taking the appliances up and down stairs. Of necessity, the claimant's duties during his two years of employment regularly included heavy lifting. In the summer of 1972, the claimant fell off a truck in the course of his employment and injured his shins and right hip. In August, 1972, the claimant experienced constant lower back pain, and on September 14, 1972, the claimant ceased his employment due to extreme discomfort. Subsequently, the claimant sought Workmen's Compensation benefits, claiming that he had been injured by an accident in the course of and arising out of his employment. 21 V.S.A. § 618.

The claimant's doctor diagnosed his condition as an entrapment or disc syndrome secondary to a disc extrusion or laceration causing back and leg pain. X-ray examination showed that the claimant had local dysontogentic arthritis which resulted in progressive and degenerative changes in his back. At hearing the claimant's doctor stated that the claimant's condition predated the fall from the truck and that it was possible but not probable that the disc was ruptured at the time of his fall at work. No other accident at work, other than the truck fall, was shown at trial.

The Commissioner of Labor and Industry (hereinafter the Commissioner), in issuing his findings of fact, conclusions and decision, specifically found that the fall from the truck did not cause the claimant's disability. Nevertheless, the Commissioner awarded disability benefits on the basis that the continuous heavy lifting aggravated the degenerative changes in the claimant's back to the point where he became disabled. The Commissioner concluded that this amounted to a "personal injury by accident, . . . which arose out of and in the course of his employment" within the meaning of 21 V.S.A. § 618. The defendants claim that the evidence is legally insufficient to support this conclusion.

■ The burden of establishing facts showing that a claimant's injury comes within the scope of the Workmen's Compensation Act is on the claimant, and he has the burden of showing the causal connection between the accident causing the injury and his employment, *Goodwin* v. *Fairbanks, Morse & Co.*, 123 Vt. 161, 166, 184 A.2d 220, 223 (1962); *Rothfarb* v. *Camp Awanee, Inc.*, 116 Vt. 172, 176–77, 71 A.2d 569, 572 (1950); *Brown* v. *Bristol Last Block Co.*, 94 Vt. 123, 125, 108 A. 922, 923 (1920). If a claimant fails to meet his burden of proof he is not entitled to compensation under the Act. *Hurwitz* v. *Camp Derry, Inc.*, 134 Vt. 306, 307, 360 A.2d 53, 54 (1976). In the case at bar the claimant's first hurdle was to establish that his injury was caused by an accident arising out of his employment. An accident has been construed to mean "an unlooked for mishap or an untoward event which is not expected or designed," *Masterson* v. *Rutland Hospital, Inc.*, 129 Vt. 91, 92, 271 A.2d 848, 849 (1970); *Giguere* v. *E. B. & A. C. Whiting Co.*, 107 Vt. 151, 157, 177 A. 313, 315–16 (1935).

■ In an appeal under 21 V.S.A. § 672, the findings of the Commissioner are binding upon this Court if legally supported by evidence. *Moody* v. *Humphrey & Harding, Inc.*, 127 Vt. 52, 54, 238 A.2d 646, 647 (1968); *Goodwin* v. *Fairbanks, Morse & Co., supra,* 123 Vt. at 166, 184 A.2d at 223.

■ In view of the Commissioner's finding that the truck fall was not the cause of the claimant's disability, and the fact that no other event or incident at work was introduced into evidence, the vital issues of where and how the claimant sustained his injury are unresolved, and the Commissioner's determination that the claimant's disability occurred by reason of an accident at work is supported only by speculation or surmise, which are a legally insufficient basis for an award of benefits. *Goodwin* v. *Fairbanks, Morse & Co., supra,* 123 Vt. at 166, 184 A.2d at 223.

The medical testimony in the case fails to establish that the claimant's injury was attributable to his employment, but merely indicates a possibility. The claimant's injury here is obscure, and a layman could have had no well-grounded opinion as to its causation, so that expert testimony was the

sole means of laying a foundation for an award. *Laird* v. *State Highway Department*, 110 Vt. 195, 199, 3 A.2d 552, 553–54 (1939). On this record, the claimant failed to establish a causal connection between his employment and his injury.

*Judgment reversed. Let the judgment order be certified to the Commissioner of Labor and Industry.*