# Dennis Norse v. Melsur Corporation and Travelers Insurance Co.

[465 A.2d 275]

No. 82-135

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed July 13, 1983

*William M. Dorsch* and *William D. Lax,* Law Clerk (On the Brief), Brattleboro, for Plaintiff-Appellee.

*Miller, Norton & Cleary,* Rutland, for Defendant-Appellant.

**Peck, J.** This is an appeal by defendants from an award of benefits to plaintiff-appellee [claimant] under the Workers'

Compensation Act, 21 V.S.A. §§ 601–709. Claimant cross-appealed from the denial of his request for vocational rehabilitation benefits under 21 V.S.A. § 641(b).

The Commissioner certified three questions for review by this Court. 21 V.S.A. § 672. Two of the questions, certified at the request of defendants, relate to the sufficiency of the findings to support the award of benefits. The remaining question, certified at the behest of the claimant, challenges the Commissioner's denial of vocational rehabilitation benefits. Because there exists an apparent gap in the chain of causation between the original injury as found by the Commissioner [a low back strain] and the ultimate injury [a herniated disk] we remand for such further findings as may be consistent with the evidence. However, we affirm the Commissioner's denial of vocational rehabilitation benefits.

The claimant was employed by Melsur Corporation as an operator of molding presses. His duties included removing chair seats and backs from the press and carrying them to drying racks. On November 24, 1980, claimant was placing some of the products on the racks when he experienced a sharp pain in his lower back which radiated down into his right leg. He told his supervisor that he felt a pain like "a big charley horse" in the back of his leg. Nevertheless, he continued to work that night, and for three weeks thereafter.

On December 9, 1980, claimant consulted a chiropractor who diagnosed a low back strain and treated him accordingly with manipulative therapy. When claimant failed to respond to this treatment, the chiropractor referred him to the clinic of a hospital in New Hampshire for further examination and evaluation. He was examined at the clinic in late February, 1981, and, at least by that time, he was found to be suffering from a herniated disk. Corrective surgery followed this diagnosis in March of 1981, and again in May of the same year.

The Commissioner found "that the claimant strained his low back while at work on November 24, 1980,"* and that "[t]he *strain* was aggravated by further employment from November 24 until December 12, when he ceased employment." (Em-

---

* It is important to note that the Commissioner did not find that the apparent injury incurred on November 24, 1980, was a herniated disk.

phasis added.) At this point the findings state that *"the disk injury* arose out of and in the course of his employment." (Emphasis added.)

The Commissioner justifies this leap from a low back strain to a herniated disk on the principle that complications which arise in the course of treatment for an injury are themselves compensable. It is unnecessary to address that principle here, since, assuming it is correct as a matter of law, it is not supported by the findings.

The only treatment received by claimant for the low back strain was the manipulative therapy provided by the chiropractor. In addressing this question the Commissioner stated expressly that he made no finding whether the chiropractic treatment caused or aggravated the claimant's herniated disk. Moreover, having found the initial injury to have been a back strain, there was no finding as to what else, other than chiropractic treatment, might have aggravated the initial strain into a herniated disk.

■■ The Commissioner is given original jurisdiction to hear and determine controversies involving claims for workers' compensation. *DeGray* v. *Miller Brothers Construction Co.*, 106 Vt. 259, 268, 173 A. 556, 559 (1934). Moreover, the findings of the Commissioner are binding upon this Court if legally supported by the evidence. *Lapan* v. *Berno's Inc.*, 137 Vt. 393, 395, 406 A.2d 390, 391 (1979). In applying these standards to a particular case, however, they cannot be stretched in order to supply findings which have not been made, or to uphold findings which are not supported by the evidence. Summarizing the case as it comes before this Court for review, its status appears to be essentially as follows:

1. The Commissioner found that claimant strained his low back on November 24, 1980, during the course of his employment. It should be emphasized that the Commissioner did *not* find that claimant incurred a herniated disk on that date.

2. The Commissioner stated expressly that he made "no finding whether his [chiropractor's] treatment . . . caused the claimant's herniated disk."

3. Claimant was treated for a low back strain between

November 24, 1980, and the date of his referral to the clinic in New Hampshire.

4. The Commissioner then found or concluded that claimant's herniated disk, an entirely different injury, first diagnosed in February of 1981, was an injury arising out of and in the course of his employment (with defendant Melsur Corporation).

■ It is clear that the Commissioner's finding that claimant's herniated disk arose out of and in the course of his employment is not supported. There is a gap in the chain of causation leading from the strain to the herniated disk; the result is pure speculation or surmise, which are legally insufficient to support an award of benefits. *Lapan* v. *Berno's Inc., supra*, at 395, 406 A.2d at 391–92. It is an almost classic example of *post hoc ergo propter hoc* reasoning. Because something comes into existence after the fact, standing alone, does not justify a conclusion that it came into existence because of the fact. Accordingly, this cause should be remanded for further findings to support the result if that can be done in the light of the record, or if that is not possible for a revised order consistent with the record.

■ With regard to the cross-appeal, we affirm the Commissioner's denial of claimant's request for vocational rehabilitation benefits under 21 V.S.A. § 641(b). The Commissioner found the testimony that "claimant was unable to perform work for which he had previous training . . . lacks credibility. . . . [I]f the claimant can work as a plumber, he could handle his previous job as well." We will not substitute our judgment for that of the trier of fact; the finding is amply supported.

*Certified questions 1 and 2 are answered in the negative. Certified question 3 is answered in the affirmative. Cause remanded to the Commissioner of Labor and Industry for further findings relating to causation in accordance with the views expressed in this opinion.*