# Nelson Egbert v. The Book Press

[477 A.2d 968]

No. 82-413

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed May 11, 1984

Motion for Reargument Denied May 25, 1984

*Nelson Egbert,* pro se, Brattleboro, Plaintiff-Appellant.

*McNamara & Fitzpatrick,* Burlington, for Defendant-Appellee.

**Per Curiam.** On May 23, 1977, plaintiff Nelson Egbert suffered a back strain from lifting and moving photographic plates while working at The Book Press of Brattleboro, Vermont. As a result of the injury, he missed three days of work.

On December 1, 1977, plaintiff was operated on for the repair of an inguinal hernia on his lower left side. On December 20, 1977, he was operated on a second time to repair a hiatal hernia. He contends that, as a result of the back strain of May 23, 1977, he has become totally or partially disabled, and he seeks workers' compensation benefits, medical and hospital benefits and vocational rehabilitation benefits on that account.

Following hearing, the Commissioner of Labor and Industry found plaintiff had suffered a compensable injury on May 23, 1977, but that he was not entitled to temporary total disability compensation because he lost only three days of work due to the back strain, whereas 21 V.S.A. § 642(a) authorizes payment beginning on the fourth day of disability. The Commissioner also found that plaintiff was entitled to reimbursement for medical treatment and the cost of physical therapy, but that no bills had yet been submitted for these services. The Commissioner further found that plaintiff had failed to sustain his burden of proof on his claim for permanent partial disability compensation or that the two hernia operations were causally related to the back strain of May 23, 1977.

The question certified for review is as follows:

> Did the evidence support the Commissioner's finding that the claimant did not suffer left inguinal or hiatal hernia or both as the result of an injury by accident arising out of and in the course of his employment?

At trial, plaintiff sought by his own testimony to establish the causal connection between the back strain of May 23, 1977, and the hernia operations in December, 1977. Plaintiff offered no medical experts, contending that he is the most knowledgeable person as to the cause of his own injuries. The Commissioner found there was insufficient medical evidence to show the hernias were related to the back strain and that the evi-

dence introduced indicated only the possibility of a causal connection.

When the facts to be proved are such that any layman of average intelligence would know from his own knowledge and experience that the accident was the cause of the injury, no expert testimony is needed to establish the causal connection; however, where the causal connection is obscure, expert testimony is required. *Houghton* v. *Leinwohl,* 135 Vt. 380, 383–84, 376 A.2d 733, 737 (1977) ; *Burton* v. *Holden & Martin Lumber Co.,* 112 Vt. 17, 19, 20 A.2d 99, 100 (1941). Proof of a mere possibility of causation is insufficient unless the evidence excludes all other causes or shows a direct connection between the accident and the injury. *Burton* v. *Holden & Martin Lumber Co., supra,* 112 Vt. at 20, 20 A.2d at 100.

Plaintiff has the burden of showing a causal connection between the injury and his employment and that he is therefore entitled to relief under the Workers' Compensation Act. *Lapan* v. *Berno's Inc.,* 137 Vt. 393, 395, 406 A.2d 390, 391 (1979). The findings of the Commissioner are binding upon this Court if they are legally supported by the evidence. *Norse* v. *Melsur Corp.,* 143 Vt. 241, 243, 465 A.2d 275, 277 (1983). Having shown no more than a possibility of causation, plaintiff has failed to sustain his burden of proof, and the decision of the Commissioner must be affirmed.

*The certified question is answered in the affirmative.*