**IN RE Milton PINSKER, Esq.**

[480 A.2d 423]

No. 84-287

June 18, 1984. Pursuant to the recommendation of the Professional Conduct Board and approval thereof, it is hereby ordered that Milton Pinsker, Esq., be publicly reprimanded for violation of DR 1-102(A)(4) and (5), DR 5-101(B), DR 5-102(A), DR 5-105(A), and DR 7-101(A)(1).

**Kenneth and Janice FORBES v. TOWN OF MIDDLEBURY.**

[480 A.2d 423]

No. 83-345

June 22, 1984. The Board of Selectmen having no authority to abate taxes or to enter into tax stabilization agreements, 24 V.S.A. §§ 1533, 1535, 2741, there were no genuine issues as to any material fact to be resolved. Accordingly, defendant's motion for summary judgment was properly granted by the trial court. V.R.C.P. 56(c). Affirmed.

**Richard RITTER v. FIELDCREST MILLS, INC.**

[480 A.2d 423]

No. 83-244

June 25, 1984. The defendant served the plaintiff, by mail, a motion for summary judgment on April 14, 1983. According to D.C.C.R. 6(e), when service of a motion is made by mail, 3 days must be added to the prescribed period for responding to the motion. Three days added to April 14 is April 17. April 17, 1983, was a Sunday; therefore, one day must be added making April 18, 1983, the date from which computation of the prescribed period must begin. D.C.C.R. 6(a). The plaintiff had 15 days within which to respond to the defendant's motion for summary judgment. D.C.C.R. 78(b)(1). Thus, the plaintiff had until May 3, 1983, to file a memorandum in opposition to the defendant's motion. The trial court issued its order granting the motion for summary judgment on May 2, 1983, one day before the plaintiff's time for filing an opposing memorandum had elapsed. Since D.C.C.R. 78(b)(1) was not complied with, the trial court's order granting the defendant's motion for summary judgment is reversed.

**Debra JENKS v. ERVING PAPER MILLS.**

[480 A.2d 424]

No. 82-180

June 29, 1984. Certified question answered in the negative. *Egbert* v. *Book Press*, 144 Vt. 367, 477 A.2d 968 (1984).