ROSE MCDONALD *vs.* GREAT ATLANTIC AND PACIFIC TEA COMPANY.

First Judicial District, Hartford, May Term, 1920.

PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

A reservation for the advice of this court under General Statutes, § 5783, is allowable only on questions of law involving substantive rights, and therefore should not include a motion for the correction by the Superior Court of a finding of a Compensation Commissioner.

A boy eleven years old who had been employed by the defendant in and about its store for ten days, was killed by an automobile while crossing the street on an errand for the defendant at the direction of its manager. *Held* that whether legally employed or not (General Statutes, § 5322), the decedent's injury arose out of and in the course of his employment, and that such employment was not "casual" as contended by the defendant.

Under our Workmen's Compensation Act, the question of dependency is one of fact, and its determination by the Commissioner is final unless he has applied an illegal standard or found a fact or facts without evidence.

No one can be said to be a "dependent," within the meaning of our Compensation Act, who has sufficient means at hand for supplying

present necessities, rating them according to the class and position in life of the alleged dependent.

A wife living with her husband whose earnings are adequate for the support of the family, will be presumed to be supported by him and to rely upon him, and him alone, for such support. And this is especially true if—as in the present case—it does not appear from the finding that she needed or relied upon the meagre earnings of her eleven-year old son which he turned over to her for one week, before he was killed.

A father is entitled to the earnings of his minor son so long as the son continues a member of the family and the father fulfils his parental obligation of support.

Wholly academic questions, although reserved, will not be considered.

Argued May 6th—decided July 20th, 1920.

APPEAL from a *pro forma* award of the Compensation Commissioner of the first district in favor of the plaintiff, taken by the defendant to, and reserved by, the Superior Court in Hartford County, *Haines, J.*, for the advice of this court. *Judgment advised for the defendant.*

The defendant corporation operated a chain of stores, one of which was located on Albany Avenue in Hartford. Its organization consisted of a general superintendent and under him a superintendent, and under them assistant superintendents, and under them managers, each of whom had direct charge of a store.

The manager of the Albany Avenue store on July 3d, 1918, was one Howard. Howard had employed the plaintiff's intestate, Michael McDonald, a boy of eleven years of age, to assist in the store in sweeping, unpacking boxes, running errands and occasionally waiting upon customers. Michael received for his first week's pay $1, together with certain fire wood. He was to receive $3 for the second week. His work was to continue through the summer until his school opened. He had been in defendant's employ ten days when, on July 3d, 1918, Howard directed Michael to go across the street to get some drinking water for the

general use of the employees of the store, and while he was so engaged he was struck by a passing automobile, and in consequence suffered injuries as a result of which he died.

Rose McDonald, the claimant and plaintiff, is the mother of Michael. She lived with her husband, and at the time of Michael's injury the family consisted of her husband, herself, and four children of whom Michael was the oldest. The father was in the employ of the New York, New Haven and Hartford Railroad Company and earning a weekly wage of about $22. He is in good health and robust. Rose McDonald, the mother, is in feeble health, and is partially deaf. The money which Michael earned was turned over to his mother and by her put in the family fund. With it she purchased, among other things, a pair of overalls for Michael costing 98 cents. The mother intended to make similar use of the boy's future earnings if he had continued in his employment.

The Commissioner concluded that the injury to Michael arose out of and in the course of the employment; that his employment was not casual; that the duties he was engaged in performing when injured were for the business of the defendant; that the sources of support of the family were the father's wages and Michael's earnings, and that the claimant is a partial dependent of the deceased Michael.

The Commissioner rendered judgment in favor of the claimant, subject to the reservation of the following questions as stated in paragraph 24: "(a) Is the father, who failed to serve notice of claim for compensation under § 5360, and did not appear as a party to the action, also a partial dependent under the facts here found? (b) If so, may an award of $2.50 per week each for the statutory period be made to the father and mother without further proceedings? (c)

If question (b) must be answered in the negative, what supplementary proceedings are necessary and proper to carry out the terms of the Act?"

The reasons of appeal are as follows: 1. The Compensation Commissioner erred as a matter of law in finding from the evidence that Rose McDonald, mother of Michael McDonald, deceased, was a dependent of the said Michael McDonald. 2. In overruling the claims of the respondent, that the claimant could not recover because of illegality of the contract of employment. 3. The Commissioner erred as a matter of law in finding that the respondent could not, as a matter of law, "claim immunity from the terms of the Workman's Compensation Act on the ground that the employment out of which the injury arose was the result of the illegal acts of its agent." 4. In finding that the said Michael McDonald, deceased, was an employee of the respondent. 5. In overruling the respondent's claim that the employment of the said Michael McDonald, deceased, if there was any such employment, was casual and was otherwise than for the purposes of the respondent's trade or business."

*Charles H. O'Connor* of New York City, and *William E. Egan,* for the defendant.

*Ralph O. Wells,* for the plaintiff.

WHEELER, J. The trial court, at the request of the parties, improperly included in the reservation the motion made in the Superior Court to correct the finding of the Commissioner. A motion of that character should not be made the subject of a reservation to this court. The terms of General Statutes, § 5783, specifically exclude questions of that character from the questions of law reserved for this court. Compliance with § 70 of the Rules of Practice (p. 286), stating in

the reservation that the present determination of this question would be "in the interest of simplicity, directness, and economy in judicial action," together with a reasonable ground for such allegation, would seem to be impossible. Questions involving substantive rights are the only questions proper upon a reservation. In *Ingle* v. *Case*, 46 Conn. 240, the court declined to consider the case reserved "on the ground that the reservation presented for their advice no question affecting the merits of the case, or relating to the jurisdiction of the court, or the sufficiency of the declaration or the pleadings founded upon it." This rule of practice has prevailed unbroken since this decision, indeed it prevailed long before that decision.

The finding of the Commissioner is filled with evidential facts and testimony, interspersed with opinions and argument. We have omitted these and arranged the facts in orderly fashion in the statement. From these it appears that the deceased boy was employed by the manager of one of defendant's stores and continued in this employment with the defendant's knowledge. His employment was by the week, and was to continue during the summer for a weekly wage. While the deceased was engaged in doing an errand by direction of defendant's manager for the benefit of defendant's business, he met with his injury.

Clearly the deceased was an employee of the defendant when injured, in the common acceptance of the term, and his injury arose out of that employment. But whether he was an employee within the meaning of that term in the Compensation Act, is another question; it may be that because his employment was in violation of General Statutes, § 5322, he was not such an employee. It is quite true, as the Commissioner held, that the injury to this deceased did arise out of and in the course of his employment.

Another of defendant's reasons of appeal is not tenable. The employment of the deceased boy was not casual. *Thompson* v. *Twiss*, 90 Conn. 444, 451, 97 Atl. 328, is decisive of this point. "As used in our Act, the casual employment means the occasional or incidental employment, the employment which comes without regularity. . . . If the employment be upon an employer's business for a definite time, as for a week, or a month, or longer, it is not a casual employment." Another statement from that opinion (p. 452) makes it clear that the casual worker whose employment when injured was his employer's business is not barred by our Act. "But the employee who is barred by our Act as amended is not merely one whose employment is of a casual nature, but, in addition, one whose employment is not in his employer's trade or business."

A third question raised upon the appeal is whether the Commissioner erred in finding that the claimant, the mother of the deceased boy, is a partial dependent of the deceased boy within the meaning of the Act. The earnings of the boy were turned over to his mother and put into the family fund and they were one of the sources of support of the family of the deceased. The mother intended to make a similar use of the boy's earnings had he lived. The question of dependency is by the Act made one of fact. And unless the Commissioner has applied an illegal standard or found a fact without evidence, we cannot review his finding. The test of a "dependent" is, whether the contributions were relied upon by the dependent for his or her means of living, judging this by the class and position in life of the dependent. Mrs. McDonald, the mother, who claims to be a dependent, lived with her husband, who presumably was supporting his family from his earnings which were adequate for that purpose. It does not appear that the mother was supporting this family,

or that she needed other support than that given her by her husband, or that she relied upon the earnings of the deceased boy. The mere fact that she used the earnings of the boy in the support of the family, does not prove that she relied upon these earnings for her means of support. No one can be said to be a dependent within the meaning of our Compensation Act who has sufficient means at hand for supplying present necessities, rating them according to the alleged dependent's class and position in life. *Blanton* v. *Wheeler & Howes Co.,* 91 Conn. 226, 231, 99 Atl. 494. So far as the finding goes there is nothing to indicate that the husband of the plaintiff was not supporting his family, or that the earnings of the boy were reasonably necessary to provide adequate support for the family, or that the duty of supporting this family was on the plaintiff. We do not intend to imply that a mother, though living with her husband, may not at that time be a partial dependent. Or that the earning of substantial wages by a husband will necessarily prevent his wife, while living with him, from becoming a partial dependent. We do mean to say that unless the facts indicate the contrary, a wife living with her husband will be presumed to be supported by him and to rely upon him and him alone for such support. The father is entitled to the earnings of his minor son so long as the son continues a member of his family and so long as the father fulfils the parental obligation toward his son.

In view of the conclusion reached, we do not consider the question whether the defendant is relieved of the obligation to pay compensation by virtue of the fact that the boy was only eleven years old and the defendant was forbidden by General Statutes, § 5322, to employ him.

Questions reserved under paragraphs (a), (b) and

(c) are wholly academic, and for that reason we do not consider them.

Number 1 of the reasons of appeal is sustained, and number 5 is overruled; other reasons of appeal are not considered.

The Superior Court is advised to sustain the appeal and render judgment directing the Commissioner to deny the claim.

In this opinion the other judges concurred.