MRS. GIACOMO DIMARTINO MAZZIE *vs.* MAX LAVITT
ET AL.

First Judicial District, Hartford, October Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, JS.

Argued October 7th—decided November 7th, 1930.

*DeLancey S. Pelgrift,* for the appellants (defendants).

*Jacob Schwolsky,* with whom was *William McKinley Gleszer,* for the appellee (plaintiff).

BANKS, J. The deceased entered the employment of the respondent-employer on July 24th, 1928, and two days later was killed while being transported from his place of employment to his home in a truck furnished by his employer. It is not contended that the injury did not arise in the course of and out of his employment. His mother is the claimant and the commissioner found that she was a partial dependent

and made an award in her favor. The sole issue is as to the correctness of that conclusion.

The deceased was twelve years old. His father was dead and he resided with his mother, who had remarried. He attended school when it was in session, but when not in school he took care of the younger children in the family, so that his mother could at times work and so add to the income of the family. Due to the short period of his employment before his death he had received no wages. His mother knew he was going to work on the employer's farm and expected him to turn over his earnings to her, and that they would continue thus to be turned over to her until he returned to school the following September. She expected to use them for her support and relied upon them for her means of livelihood.

The contention of the respondent is that, as in fact the deceased had paid nothing to his mother before his death, she could not in law be a dependent. There is language in our opinion in *Driscoll* v. *Jewell Belting Co.*, 96 Conn. 295, 114 Atl. 109, which gives some color to that claim. In that case, however, the commissioner was held to have rightly found that the claimant was dependent upon her deceased brother and the question was whether the fact that she had living with her two unmarried adult children, both wage earners, and who were legally bound to support her in case of necessity, was sufficient of itself to defeat her claim. We held that a legal obligation to compel support from others would not of itself be sufficient to defeat a claim based upon an actual dependency. It was in this connection that we used the language in question. We did not mean to say that in no case could there be dependency unless there had been actual contribution by the deceased to the claimant. Indeed, expectation of the continuance of contribution is of the

very essence of dependency. Whatever contributions have been made in the past, if they have definitely ceased, to the knowledge of the claimant, before the injury, there could be no dependency. In *Blanton* v. *Wheeler & Howes Co.*, 91 Conn. 226, 231, 99 Atl. 494, we pointed out that while it was not necessary that contributions should continue to the very time of injury, yet a cessation of support for six months under the circumstances of that case was sufficient to destroy a claim of dependency. Per contra, there may be such an expectation of contributions to be made in the future, and such a reliance upon that expectation as to constitute dependency. A moment's reflection brings to mind cases where a contrary result would be manifestly unjust and at variance with the actual facts. Thus, a mother, left penniless by the death of her husband, might close her home and take up other quarters in reliance upon the promise of her son to furnish her support; and if, before he had made any contributions, he should be killed in the course of his employment, a conclusion that because he had in fact made no contributions she was not a dependent could hardly be defended. The Kentucky court, considering the Federal Employers' Liability Act and citing a somewhat similar instance, says: "A contrary rule would frequently result in great injustice." *Pittsburgh, C., C. & St. L. Ry. Co.* v. *Collard's Admr.*, 170 Ky. 239, 246, 185 S. W. 1108. See also *Parson* v. *Murphy*, 101 Neb. 542, 544, 163 N. W. 847; *Freeman's Case*, 233 Mass. 287, 123 N. E. 845; *Merrill* v. *Penasco Lumber Co.*, 27 New Mexico, 632, 204 Pac. 72; *Gregory* v. *Standard Oil Co.*, 151 La. 228, 91 So. 717; *Dooley* v. *Seaboard Air Line Ry. Co.*, 163 N. C. 454, 461, 79 S. E. 970.

As we have repeatedly pointed out, the question of dependency is one of fact. That a deceased had not

made contributions to the claimant before his death would be a relevant fact upon that issue, and no doubt often one of compelling force. But we cannot say that the commissioner in the instant case was in error in finding dependency despite the fact that the deceased had not made any contributions from his earnings to his mother before his death.

There is no error.

In this opinion the other judges concurred.