MARY O'DEA vs. THE CHICAGO BRIDGE & IRON WORKS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 8th—decided July 27th, 1934.

*John Clark FitzGerald,* with whom, on the brief, were *David E. FitzGerald* and *David E. FitzGerald, Jr.,* for the appellant (plaintiff).

*Frank E. Callahan,* for the appellee (defendant).

HAINES, J. The vital question which this appeal presents, is whether the plaintiff was a partial dependent of her son, the deceased employee. The commissioner found he had been employed by the defendant for less than two calendar weeks when, on April 30th, 1930, he was injured and died. He was twenty-two years of age, unmarried, and lived with his parents. The household consisted of the father and mother, the former being a railroad engineer, a brother Matthew of the age of twenty-five years, employed, a sister of seventeen, in school, and two younger brothers, aged fourteen and five years respectively. The deceased had worked for several years, but was out of employment from April 5th, 1930, to the time he went to work for the defendant, about April 20th. From the time he began his first work, he gave his mother one half his weekly wages and had stated he would con-

tinue to do so, and that after he entered the employ of the defendant, he would increase the amount for a time because of the interval of about two weeks of unemployment which had intervened. The father and mother owned the home and had some money in the bank. The son Matthew, though working, had not contributed to the family support for some time prior to April 30th, 1930. The father maintained the house, paying the carrying charges, taxes, repairs, mortgage charges, etc., while the mother paid the household expenses with money furnished by the decedent, supplemented in case of need by extra money furnished by the father. The last two of the commissioner's findings of fact were: (1) that the plaintiff did not rely upon the money she expected to receive from the deceased for her support, and (2) that at the time of the decedent's injury the plaintiff did not rely upon the money received from him for her means of living because she had financial resources sufficient to sustain herself and her family. The conclusion reached by the commissioner was that the plaintiff was neither solely nor partially dependent upon the decedent within the meaning of the Compensation Act.

These two subordinate facts found by the commissioner are attacked as without support from the evidence, and a transcript thereof is presented in the record. We confine ourselves to the limits of the case thus presented upon the appeal without regard to certain questions suggested by the record but not directly raised by the appeal.

The evidence discloses that the money furnished the plaintiff by the decedent was used for the purpose for which it was furnished, which was the support of herself and her family; that the father did not furnish money for this purpose save in case of need; that the son Matthew was working at the time the decedent

John was injured; that Matthew had previously also furnished his mother money but had then bought an automobile for the pleasure of all the family, and at the time the decedent was injured had ceased his contributions, and that he died of heart trouble four months after the death of John; that when the decedent John was killed the father and mother had $300 in joint account in a bank.

This was obviously a family of that class for which the benefits of the Compensation Act were primarily designed. Sources of income for its support were apparently two: (1) moneys paid by the decedent, and (2) supplemental payments made by the father when and as needed. Even though the father was under a legal obligation to furnish all this maintenance, that fact of itself would not be inconsistent with the mother's reliance upon the receipt of present and continuing means in part from the decedent. "A dependent is one who has relied upon the decedent for support and who has a reasonable expectation that such support will continue." *Driscoll* v. *Jewell Belting Co.*, 96 Conn. 295, 302, 114 Atl. 109; 28 R. C. L. p. 770, § 65. Our statute provides that questions of dependency are to be determined "in accordance with the fact, as the fact may be at the time of the injury." General Statutes, § 5235. Moreover, the test of dependency is not whether the sums received were necessary for the support of the plaintiff's life only, but whether the contributions of the decedent were relied upon by her, and it is to be judged by her class and position in life. *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 152, 93 Atl. 245 [Citing *Howells* v. *Vinan & Sons*, 85 L. T. R. 529, and 1 Bradbury, Workmen's Compensation (2d Ed.) 573]; *Gherardi* v. *Connecticut Co.*, 92 Conn. 454, 457, 103 Atl. 668; *McDonald* v. *Great Atlantic & Pacific Tea Co.*, 95 Conn. 160, 165, 111

Atl. 65; *Atwood* v. *Connecticut L. & P. Co.*, 95 Conn. 669, 675, 112 Atl. 269. The test finds some analogy in the definition of "necessaries" furnished to a minor. *Blanton* v. *Wheeler & Howes Co.*, 91 Conn. 226, 231, 232, 99 Atl. 494.

Nor is the fact that the contributions of the decedent had temporarily ceased for two weeks owing to lack of employment, inconsistent with a reliance upon the decedent as a partial dependent. "Partial dependency may exist, though the contributions be at irregular intervals and irregular in amounts, and though the dependent have other means of support;" Bradbury, *supra,* at page 574; and even though it appears that the plaintiff could have otherwise subsisted without the contributions of the decedent; *Powers* v. *Hotel Bond Co.,* supra, at page 153; neither does it follow that the plaintiff was not a partial dependent from the fact that she had not to the time of the death of the decedent, received any part of his earnings with the defendant company. She had expected that it would be paid as agreed and conformable to the custom and agreement during his previous employment. "Expectation of . . . continuance . . . is the very essence of dependency." *Mazzie* v. *Lavitt,* 112 Conn. 233, 234, 235, 152 Atl. 144.

On the facts found supplemented by these additional facts as above stated, and considered in the light of the foregoing principles, the first of the above findings of the commissioner lacks support in the evidence, and the only reasonable inference which can be drawn from that evidence is that the plaintiff did rely upon the contributions which she expected from the decedent.

As to the second of those findings, the rule undoubtedly is that "the Compensation Act does not contemplate support for any save the dependent, and one cannot be said to be a dependent who has sufficient

means at hand for supplying present necessities, judging these according to the class and position in life of the alleged dependent." *Blanton* v. *Wheeler & Howes Co.*, supra, at page 231. There is also a presumption that a wife living with her husband whose earnings are adequate for the support of the family, is supported by him, but this presumption is a rebuttable one. *McDonald* v. *Great Atlantic & Pacific Tea Co.*, supra.

The mere fact of money in the bank in the joint names of herself and the father, is not inconsistent with a status of partial dependency, at least in the absence of anything to show that the sum was large and available to her. In *Burns* v. *Connecticut L. & P. Co.*, 97 Conn. 688, 118 Atl. 45, the plaintiff mother owned an undivided one-third interest in two houses worth $12,000 and she had $400 in a savings bank and enjoyed a reduction in rental of $15 by reason of her ownership of the house. One son had suffered an injury in his employment and died and she claimed partial dependency. He had paid her a sum in excess of the value of his board, and her other children paid her an aggregate of $43 per week, and she had a family of seven. In that case (at page 690) we sustained a conclusion that the plaintiff was a partial dependent and said: "There is nothing in these findings which puts the plaintiff beyond the pale of dependency, nor is it a fatal omission that there is no specific finding as to the amount reasonably required to supply the present necessities of the plaintiff. Dependency is a fact, and it may be proved as a fact without an arithmetical demonstration."

On the facts thus established, and these rules of interpretation, we conclude that the plaintiff did not have resources sufficient to sustain herself and family and that the finding of the commissioner to the con-

trary lacks support in the evidence. The ultimate question of partial dependency presented by this appeal, must be tested by the finding as thus corrected and supplemented. It now appears that the plaintiff did rely upon the expectation of receiving money from the decedent toward the support of herself and family, and that she did not have sufficient financial resources to sustain herself and family without this contribution from the decedent. Our interpretation of the terms "dependent" and "partial dependent" is illustrated by the decisions and citations already given and by the following: *Kennerson* v. *Thames Towboat Co.,* 89 Conn. 367, 94 Atl. 372; *Quilty* v. *Connecticut Co.,* 96 Conn. 124, 113 Atl. 149; *Klautka* v. *Stanley Works,* 100 Conn. 345, 123 Atl. 839; *Draus* v. *International Silver Co.,* 105 Conn. 415, 135 Atl. 437, and *Northrop* v. *Merritt-Chapman & Scott Corporation,* 106 Conn. 233, 137 Atl. 734.

Applying these tests, we conclude that there was error in the conclusion that the plaintiff was not, to some extent at least, a partial dependent of the decedent.

There is error; the judgment of the Superior Court is set aside with direction to sustain the appeal and return the case to the commissioner for further proceedings.

In this opinion the other judges concurred.