QUINTA GAGLIARDI *v.* DOWNING AND PERKINS, INC., ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

476

Argued February 3—decided March 4, 1965

*Berkeley Cox, Jr.,* for the appellant (plaintiff).

*Donald P. Chernoff*, with whom, on the brief, was *Edward S. Pomeranz*, for the appellees (defendants).

KING, C. J. Peter L. Gagliardi died July 10, 1962, as a result of injuries received that day arising out of and in the course of his employment by the defendant Downing and Perkins, Inc., which had insured its liability under the Workmen's Compensation Act with the defendant insurer. The decedent lived with his mother, hereinafter referred to as the claimant, in a house owned by her, and helped her financially in meeting her living expenses. She filed a claim for compensation benefits, alleging that she was a partial "dependent in fact" of her son at the time of his fatal injury. The unattacked finding of the compensation commissioner was that at the time of the injury the claimant was a partial dependent in fact of the decedent from whom she had been receiving an average contribution of $14.42 per week. He also found that the claimant had, by reason of the death of her son, subsequently received, in securities and life insurance proceeds, $13,002.80 and that the income from this fund was sufficient, together with her other resources, which included a savings bank account of about $5000, to supply her present necessities, judging these according to her class and position in life. The commissioner concluded that although the claimant was a dependent in fact at the time of the injury, her "measure of dependence" had changed before the time of the hearing, within the meaning of § 31-315 of the General Statutes, and that consequently the defendants were relieved from paying compensation to her unless and until she showed a further change in circumstances. In other words, the commissioner

held that under § 31-315 he had the power and duty, upon application, notice and hearing, to open and modify a prior award to a dependent in fact upon a change in financial circumstances, and that where, as here, the change occurred prior to the hearing on the rendition of the original award, he had the duty and obligation of taking into consideration any such change of circumstances occurring between the time of injury and the time of hearing, thereby accomplishing in one proceeding what he would in any event be obliged to do in two proceedings. Since it was found that the claimant had assumed the responsibility of paying the decedent's funeral expenses, she was awarded the statutory burial allowance of $1000. From a judgment of the Superior Court affirming the finding and award and dismissing her appeal, the claimant has appealed to this court. She does not attack the award on any procedural ground. Rather, her sole claim is that her status as a dependent in fact was finally fixed as of the time of the fatal injury, that the amount of her award was fixed by her measure of dependency determined as of that date and that the award was not subject to reduction or other change regardless of any change in her financial resources.[1]

Under our workmen's compensation law there are two classes of dependents, "presumptive dependents" and "dependents in fact." Section 31-306 provides in part: "The following-described persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee and are

---

[1] The claimant drew no distinction between her right, as a dependent in fact, to compensation (1) during the interim between her son's death and her actual receipt of the funds coming to her by reason of his death and (2) her right thereafter to such compensation.

referred to hereinafter as presumptive dependents: (1) A wife upon a husband with whom she lives at the time of his injury or from whom she receives support regularly; (2) a husband upon a wife with whom he lives at the time of her injury or from whom he receives support regularly; (3) any child under the age of eighteen years, or over said age but physically or mentally incapacitated from earning, upon the parent with whom he is living or from whom he is receiving support regularly, at the time of the injury of such parent. In all other cases where there is no presumptive dependent, questions of dependency shall be determined in accordance with the fact, as the fact may be at the time of the injury. Such other dependents are referred to hereinafter as dependents in fact." The section further provides that in the case of a widow, the compensation period is for life or until she remarries; in the case of a widower, for three hundred and twelve weeks unless he dies or remarries within that time; and in the case of a minor child, for seven hundred and eighty weeks unless the child reaches the age of eighteen years or dies within that time.

The claimant contends that the power of modification under § 31-315, quoted in the footnote,[2] is limited to changes in status of persons found to be presumptive dependents under § 31-306 and has no application to dependents in fact. This is not a

[2] "Sec. 31-315. MODIFICATION OF AWARD OR VOLUNTARY AGREEMENT. Any award of, or voluntary agreement concerning, compensation made under the provisions of this chapter shall be subject to modification, upon the request of either party and in accordance with the procedure for original determinations, whenever it appears to the compensation commissioner, after notice and hearing thereon, that the incapacity of an injured employee has increased, decreased or ceased, or that the measure of dependence on account of which the compensation is paid has changed, or that changed conditions of

permissible construction of those sections. The claimed construction does violence to the express language of § 31-315, wherein it is provided that "[a]ny award of . . . compensation . . . shall be subject to modification." Clearly, an award to a dependent in fact, as well as to a presumptive dependent, is an award of compensation and, therefore, is necessarily subject to modification under the express terms of the section. It is true that in the case of a "presumptive dependent," the phrase "measure of dependence" refers to the statutory status of widow, widower, or child, since only if that status changes does the right to compensation as a presumptive dependent cease. While the status persists, there is a conclusive presumption of total dependency, and the amount of compensation is unaffected by any change in financial resources subsequent to the time of injury.

The status of a dependent in fact, however, involves three factual elements: (1) reliance on the contribution of the decedent for necessary living expenses, judged by the class and position in life of the claimant; (2) a reasonable expectation that the contributions will continue; and (3) an absence of sufficient means at hand for meeting these living expenses. *Powers* v. *Hotel Bond Co.,* 89 Conn. 143, 152, 93 A. 245; *Blanton* v. *Wheeler & Howes Co.,* 91 Conn. 226, 231, 99 A. 494; *McDonald* v. *Great Atlantic & Pacific Tea Co.,* 95 Conn. 160, 165, 111 A. 65;

---

fact have arisen which necessitate a change of such agreement or award in order properly to carry out the spirit of this chapter. The commissioner shall also have the same power to open and modify an award as any court of the state has to open and modify a judgment of such court. The compensation commissioner shall retain jurisdiction over claims for compensation, awards and voluntary agreements, for any proper action thereon, during the whole compensation period applicable to the injury in question."

*Draus* v. *International Silver Co.,* 105 Conn. 415, 419, 135 A. 437; *Mazzie* v. *Lavitt,* 112 Conn. 233, 234, 152 A. 144; *O'Dea* v. *Chicago Bridge & Iron Works,* 119 Conn. 37, 40, 174 A. 298; *Tsoukalas* v. *Bolton Mfg. Co.,* 130 Conn. 658, 661, 37 A.2d 357. As applied to a dependent in fact, the measure of dependence in § 31-315 can change from that existing at the time of the injury only if there is a subsequent change in financial resources of the claimant. The first two elements of dependency in fact are fixed at the time of the injury.

In the instant case, the unchallenged finding of the commissioner was that at the time of the hearing the claimant did have sufficient means on hand for supplying present necessities. Thus, the third element of dependency in fact was then lacking, and the claimant no longer had a financial status which entitled her to compensation as a dependent in fact. *Sudol* v. *Manchester,* 137 Conn. 484, 487, 78 A.2d 739; *Tsoukalas* v. *Bolton Mfg. Co.,* supra, 665 (dis.); *Storms* v. *New Departure Mfg. Co.,* 97 Conn. 332, 335, 116 A. 611; *Grabowski* v. *Miskell,* 97 Conn. 76, 82, 115 A. 691; *Saddlemire* v. *American Bridge Co.,* 94 Conn. 618, 626, 110 A. 63; see also *Peabody* v. *Jones & Lamson Machine Co.,* 122 Vt. 431, 176 A.2d 759, which was a factually similar case arising under a statutory provision resembling our own. Differences in wording of governing statutory provisions in the various states necessarily result in conflicting decisions concerning the modification of workmen's compensation awards. A nationwide collection of cases construing such statutory provisions may be found in an annotation in 165 A.L.R. 9. The Connecticut cases construing our statute are therein collected in subdivision 10, page 459.

In *Storms* v. *New Departure Mfg. Co.,* supra, this

court made it clear that it was the duty of the commissioner, under the predecessor of § 31-315, upon proper application to modify an award to a dependent in fact when the extent of her dependency, that is, her financial resources, had changed subsequent to the date of injury. This result is required by the language of § 31-315. "The Compensation Act does not contemplate support for any save the dependent, and one cannot be said to be a dependent [in fact] who has sufficient means at hand for supplying present necessities, judging these according to the class and position in life of the alleged dependent." *Blanton* v. *Wheeler & Howes Co.*, 91 Conn. 226, 231, 99 A. 494. Since there had been no award prior to the hearing, necessarily there could be no application for modification of an award under § 31-315. But where, as here, there was no objection on procedural grounds, the application for a hearing on the claimant's right to compensation necessarily brought up for consideration, as the commissioner held, the question of the claimant's financial resources from the date of injury to the date of hearing, since this was an element in her right to an award as a dependent in fact.

There is no error.

In this opinion the other judges concurred.