## CATHERINE F. WHEAT ET AL. *v.* RED STAR EXPRESS LINES ET AL.

ALCORN, HOUSE, COTTER, THIM and RYAN, Js.

Argued February 6—decided March 14, 1968

*Adrian W. Maher,* with whom were *Kevin J. Maher* and, on the brief, *Brian P. Maher,* for the appellants (defendants).

*Lawrence P. Weisman,* for the appellees (plaintiffs).

House, J. The three plaintiffs are young illegitimate children of Harbin Wheat, who was killed in an accident in New Canaan on August 16, 1963. At the time of the accident, he was acting in the course of his employment by Red Star Express Lines, hereinafter referred to as the defendant. The plaintiffs filed a claim for benefits pursuant to the Workmen's Compensation Act (General Statutes [Rev. of 1962], c. 568), and, after a hearing, the compensation commissioner for the fourth district dismissed their claim.

The commissioner, after finding the facts already mentioned, further found that the three plaintiffs were living with their mother in Philadelphia, where Wheat had lived with and regularly supported the children until October 31, 1960, when, being out of work, he sought financial assistance from the department of public welfare. On January 27, 1961, following a domestic argument over the inadequacy of the welfare payments, he left home. On January 30, 1961, he telephoned from New York and re-

quested permission to return home but was told to remain wherever he was. On February 24, 1961, the plaintiffs' mother applied to the County Court in Philadelphia for an order of support for the plaintiffs, and an order of $36 per week for the support of the children was issued on May 9, 1961. Wheat did not comply with the order, and a warrant for his arrest was issued, but he could not be located.

In the latter part of December, 1961, the mother of the plaintiffs was notified by New Jersey police that Wheat was in jail there serving a sentence for vagrancy. On December 22, 1961, he wrote home expressing a desire to return home and to support his family, but no answer was made to this request. Although the plaintiffs' mother notified the proper authorities in Philadelphia of his whereabouts, Wheat had been released from jail by the time action for his arrest was initiated. Between January 27, 1961, and his death on August 16, 1963, Wheat neither lived with nor made any contributions whatsoever toward the support of the plaintiffs.

On these facts the commissioner concluded that they were not entitled to any award under the provisions of the Workmen's Compensation Act because they were "neither wholly nor partially dependent upon the earnings of the decedent." In the final paragraph of his memorandum of decision, the commissioner stated: "The conclusion reached in this matter is practically inescapable under the present provisions of The Workmen's Compensation Act, as amended. Achieving a different and favorable result for the support of children abandoned by their father can only be brought about by an act of the Legislature."

The plaintiffs appealed to the Superior Court from the decision of the commissioner, claiming error in his refusal to add certain facts to his finding and to strike certain facts as found without evidence and in concluding that the claimants were not dependent upon the decedent's earnings. They asserted that this conclusion was not legally supported by the facts found and resulted from a misinterpretation of the applicable law.

The Superior Court amended the finding of the commissioner to add as a fact that the plaintiffs since January 27, 1961, have been receiving financial assistance from, and have been totally dependent for their support upon, the Philadelphia department of public welfare and that that department made regular inquiries through social security and other agencies in an effort to locate the decedent. It then struck from the commissioner's finding the conclusion that the plaintiffs were not dependents of the decedent in fact and substituted the conclusion that they were dependents in fact and remanded the case to the commissioner for further proceedings. From this judgment the defendant has appealed, claiming that the Superior Court erred in making the changes in the finding and in overruling the commissioner's finding and award, which dismissed the claim.

"The process of appeal from the finding and award of a workmen's compensation commissioner is clearly defined by rule and precedent." *Mack* v. *Blake Drug Co.,* 152 Conn. 523, 525, 209 A.2d 173; Practice Book §§ 435–444. So far as it discloses facts, his finding cannot be changed unless the record discloses that the finding includes facts found without evidence or fails to include material facts which are admitted or undisputed. Practice Book

§ 435. The trial court was not justified in changing the commissioner's finding of facts as it did. It was the commissioner's function to find the facts and determine the credibility of witnesses; *Palumbo* v. *George A. Fuller Co.,* 99 Conn. 353, 355, 122 A. 63; and a fact is not admitted or undisputed merely because it is uncontradicted. Practice Book § 628 (a); *Mercier* v. *American Refractories & Crucible Corporation,* 151 Conn. 559, 560, 200 A.2d 716. "Upon an appeal to the Superior Court from the finding and award of a compensation commissioner, the court may not retry the facts. It inquires into the facts merely to determine whether the finding and the award appealed from are unauthorized in law, irregular or informal, based upon a misconception of the law or of the powers or duty of the administrative tribunal, or so unreasonable as to justify judicial interference. *Manfredi* v. *United Aircraft Corporation,* 138 Conn. 23, 26, 81 A.2d 448; *Fiengo* v. *E. Vitale, Inc.,* 125 Conn. 559, 562, 7 A.2d 385." *Marschner* v. *American Hardware Corporation,* 141 Conn. 742, 747, 110 A.2d 461; see *Lanyon* v. *Administrator,* 139 Conn. 20, 28, 89 A.2d 558.

Even if we assume the court's changes in the finding of the commissioner were permissible, however, we must nevertheless conclude that the court committed error in reversing the ultimate conclusion of the commissioner and his dismissal of the plaintiffs' claims. We find no error in the conclusion of the commissioner that the plaintiffs did not qualify for an award under the provisions of the Workmen's Compensation Act because they did not prove that at the time of the decedent's injury and death they were either wholly or partially dependent upon the earnings of the decedent.

Benefits under the Workmen's Compensation Act

are payable only as that act prescribes. To qualify for an award, a claimant must have been a "dependent" of the employee whose injury or death is the basis of an award. The statutory definition of a dependent is "a member of the injured employee's family or next of kin who was wholly or partly dependent upon the earnings of the employee at the time of the injury." General Statutes § 31-275.

When a claim is by a child for death benefits, the act further defines the meaning of "dependent." Section 31-306 of the General Statutes provides in part: "The following-described persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee and are referred to hereinafter as presumptive dependents: . . . (3) any child under the age of eighteen years, or over said age but physically or mentally incapacitated from earning, upon the parent with whom he is living or from whom he is receiving support regularly, at the time of the injury of such parent. In all other cases where there is no presumptive dependent, questions of dependency shall be determined in accordance with the fact, as the fact may be at the time of the injury."

In the present case, Wheat left no presumptive dependent as that term is defined in the statute. The mother of the plaintiffs was not his wife. An unmarried woman, even if she is living with a man as his wife, is not entitled to compensation under our act. *Piccinim* v. *Connecticut Light & Power Co.,* 93 Conn. 423, 427, 106 A. 330. That case also held that the act neither excludes illegitimate children from membership in the "family" of an injured employee nor precludes them as such members from securing compensation as his dependents if they in fact live with and are dependent upon him for sup-

port. Id., 430. The decisive question therefore is whether at the time of Wheat's injury the plaintiffs were his dependents in fact.

"The status of a dependent in fact . . . involves three factual elements: (1) reliance on the contribution of the decedent for necessary living expenses, judged by the class and position in life of the claimant; (2) a reasonable expectation that the contributions will continue; and (3) an absence of sufficient means at hand for meeting these living expenses. *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 152, 93 A. 245; *Blanton* v. *Wheeler & Howes Co.*, 91 Conn. 226, 231, 99 A. 494; *McDonald* v. *Great Atlantic & Pacific Tea Co.*, 95 Conn. 160, 165, 111 A. 65; *Draus* v. *International Silver Co.*, 105 Conn. 415, 419, 135 A. 437; *Mazzie* v. *Lavitt*, 112 Conn. 233, 234, 152 A. 144; *O'Dea* v. *Chicago Bridge & Iron Works*, 119 Conn. 37, 40, 174 A. 298; *Tsoukalas* v. *Bolton Mfg. Co.*, 130 Conn. 658, 661, 37 A.2d 357. . . . The first two elements of dependency in fact are fixed at the time of the injury." *Gagliardi* v. *Downing & Perkins, Inc.*, 152 Conn. 475, 480, 481, 208 A.2d 334. The great weight of authority is in support of this rule. See 58 Am. Jur. 685, Workmen's Compensation, § 162; 9 Schneider, Workmen's Compensation Text (Perm. Ed.) §§ 1901–03. Since the commissioner found that Wheat had made no contribution whatsoever to the support of the plaintiffs after January 27, 1961, he could reasonably and logically conclude that the plaintiffs had failed to prove the first two enumerated requisites for a finding that they were Wheat's dependents in fact at the time of his death on August 16, 1963. As we repeated in *O'Dea* v. *Chicago Bridge & Iron Works*, supra, 40, quoting from *Driscoll* v. *Jewell Belting Co.*, 96 Conn. 295, 302, 114 A. 109: "A dependent is one who has relied

upon the decedent for support and who has a reasonable expectation that such support will continue." "Indeed, expectation of the continuance of contribution is of the very essence of dependency." *Mazzie* v. *Lavitt*, supra, 234; see also *Blanton* v. *Wheeler & Howes Co.*, 91 Conn. 226, 99 A. 494. There the claimant had received no contributions from her father for six months prior to his death, and we noted (p. 231) that under the circumstances of that case a cessation of support "for so protracted a period as six months" would preclude a finding of dependency. In this case, Wheat had made no contribution to the support of the claimants for more than thirty months.

"The question of dependency is by the Act made one of fact. And unless the Commissioner has applied an illegal standard or found a fact without evidence, we cannot review his finding." *McDonald* v. *Great Atlantic & Pacific Tea Co.*, 95 Conn. 160, 165, 111 A. 65. The conclusion of the commissioner was reasonably and logically reached pursuant to the provisions of the Workmen's Compensation Act and the application of established rules of law to facts which he properly found.

"The Compensation Statute is designed to compensate in a measure for the pecuniary loss sustained by reason of the death of a person to whom the claimant looked for support and while the statute will be liberally construed to effectuate that purpose, it cannot be extended by the courts to include any persons not mentioned in the act, however deserving they may be and however great may be their loss." 9 Schneider, Workmen's Compensation Text (Perm. Ed.) § 1901, p. 6. Since we are dealing with statutory requirements which are imperative and jurisdictional in character, the equitable considera-

tions in this case, although strong, do not permit either the commissioner or the court to vary or change the requirements. The legislative will as expressed in the compensation act is conclusive. The Superior Court erred in sustaining the plaintiffs' appeal.

There is error, the judgment is set aside and the case remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.