MARY ANNE GRADY *v.* ST. MARY'S HOSPITAL ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued December 12, 1979—decision released February 19, 1980

*Anthony M. Fitzgerald*, with whom, on the brief, was *John C. Bullock*, for the appellants (defendants).

*Thomas V. Riley*, with whom, on the brief, was *Francis J. Grady*, for the appellee (plaintiff).

PER CURIAM. The defendants appeal from a judgment of the Superior Court vacating the dismissal of the plaintiff employee's claim by the commissioner of workmen's compensation. The defendants' appeal challenges the court's decision to strike the findings made by the commissioner and to substitute findings of fact and a contrary conclusion of its own, the court's holding that an employee is entitled to workmen's compensation benefits for a disease which is neither an occupational disease nor a disease resulting from an accident, and the court's decision to set aside the commissioner's conclusion that the plaintiff had not proven that her disease arose out of her employment.

The plaintiff Mary Anne Grady filed a claim for workmen's compensation benefits for a case of pulmonary tuberculosis which she alleged arose out of her employment as an x-ray technician at St. Mary's Hospital in Waterbury. The workmen's compensation commissioner entered a finding and award in favor of the defendants St. Mary's Hospital and Travelers Insurance Company on July 10, 1975, and dismissed the claim. The commissioner con-

cluded that the claimant failed to sustain the burden of proof that her pulmonary tuberculosis was caused by any particular accident which could be definitely located as to the time when and the place where the accident occurred or that her condition was causally connected to the employment as a direct result of repetitive trauma and repetitive acts incident to such employment. The commissioner also concluded that the claimant had failed to sustain the burden of proof that pulmonary tuberculosis is a disease peculiar to the occupation of x-ray technician in a general hospital, regardless of whether she may have contracted the disease due to contagion in excess of the ordinary hazards of employment as such. The commissioner's finding therefore eliminated the three types of compensable conditions included in the definition of the terms "personal injury" or "injury" which are interchangeable terms under the act. General Statutes § 31-275.[1] The commissioner also concluded that even if pulmonary tuberculosis were to be considered an occupational disease in this case,[2] the

---

[1] General Statutes § 31-275 contains, inter alia, the following definitions: " 'Personal injury,' or 'injury,' as the same is used in this chapter, shall be construed to include, in addition to accidental injury which may be definitely located as to the time when and the place where the accident occurred, an injury to an employee which is causally connected with his employment and is the direct result of repetitive trauma or repetitive acts incident to such employment, and occupational disease as herein defined."

" 'Occupational disease' includes any disease peculiar to the occupation in which the employee was engaged and due to causes in excess of the ordinary hazards of employment as such and includes any disease due to or attributable to exposure to or contact with any radioactive material by an employee in the course of his employment."

[2] See 1B Larson, Law of Workmen's Compensation § 41.40, pp. 7-391—7-395 for a discussion of similar cases involving tuberculosis where the claimant has been held covered.

claimant had failed to sustain the burden of proof that the pulmonary tuberculosis from which she suffered arose out of and in the course of her employment at St. Mary's Hospital.[3]

The claimant appealed pursuant to General Statutes § 31-301[4] from the decision of the commissioner denying compensation. The claimant also moved to have the commissioner correct his finding of fact based on a review of the transcript and hearing record pursuant to Practice Book, 1978, § 515. Upon the commissioner's denial of the motion, the claimant filed a second appeal under § 31-301.

The Superior Court acted solely on the claimant's appeal from the commissioner's denial of compensation. The court denied relief on the second appeal from the commissioner's refusal to correct the findings, despite the plaintiff's motion requesting that it do so. Instead the court ordered stricken a substantial portion of the commissioner's finding, substituted a finding of its own, and concluded that

[3] To be compensable under the act, an employee's injury must, among other things, arise out of and in the course of her employment. General Statutes § 31-294; see § 31-284. This term is defined in § 31-275 as follows: " 'Arising out of and in the course of his employment' means an accidental injury happening to an employee or an occupational disease of such employee originating while he has been engaged in the line of his duty in the business or affairs of the employer upon the employer's premises, or while so engaged elsewhere upon the employer's business or affairs by the direction, express or implied, of the employer. . . . A personal injury shall not be deemed to arise out of the employment unless causally traceable to the employment other than through weakened resistance or lowered vitality."

[4] General Statutes § 31-301 provides in part: "At any time within ten days after entry of such award by the commissioner or after a decision of the commissioner upon a motion, either party may appeal therefrom to the superior court for the judicial district in which the injury occurred."

the plaintiff had proven by a preponderance of the evidence that her disability arose out of her employment as a radiology technician conducting special procedures at St. Mary's Hospital. The court held the claim proven and remanded the action to the commissioner to effect the judgment.

The defendants assign as error the trial court's decision to make a complete finding, contrary to that of the commissioner, upon an independent review of the transcript. In *Adzima* v. *UAC/ Norden Division,* 177 Conn. 107, 117–18, 411 A.2d 924 (1979), we said: "[T]he power and duty of determining the facts rests on the commissioner, the trier of facts. . . . Moreover, on review of the commissioner's findings, the trial court does not retry the facts nor hear evidence. It considers no evidence other than that certified to it by the commissioner, and then for the limited purpose of determining whether or not the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the commissioner when these depend upon the weight of the evidence and the credibility of witnesses. Its power in the correction of the finding of the commissioner is analogous to, and its method of correcting the finding similar to, the power and method of the Supreme Court in correcting the findings of the trial court." (Citations omitted.) These limitations on the scope of review of the Superior Court on an appeal from the finding of a workmen's compensation commissioner are well-established principles of Connecticut law; *Wheat* v. *Red Star Express Lines,* 156 Conn. 245, 248–49, 240 A.2d 859 (1968); *Powers* v. *Hotel Bond Co.,* 89 Conn. 143, 147–51, 93 A. 245 (1915); which have been embodied in Practice Book,

1978, § 519.[5] Although the Superior Court acknowledged these principles restricting the scope of review, it appears that the court was of the opinion that the case law, as well as § 519, authorized the substitution of an independent contradictory finding by the words: "When it appears necessary to protect substantial rights of a party, the court may order a transcript of the evidence and make such findings therefrom and render such judgment therein as it deems the law requires."[6] In *Lanyon* v. *Administrator*, 139 Conn. 20, 30, 89 A.2d 558 (1952), we said of this sentence in § 519: "Whatever may have prompted the adoption and retention of [this] rule, the fact remains that it has never been construed to extend the power of the court to make additions to the finding other than those which are admitted or undisputed." (Citations omitted.) The Superior Court erred in failing to limit its scope of review within the confines of the law.

The defendants also assign as error the court's conclusion that an employee is entitled to workmen's compensation benefits for a "disability, whatever

---

[5] Connecticut Practice Book, 1978, § 519 (formerly Practice Book, 1963, § 435), provides: "Sec. 519. FUNCTION OF COURT. Such appeals are heard by the court upon the certified copy of the record filed by the commissioner. The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the commissioner, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the commissioner when these depend upon the weight of the evidence and the credibility of witnesses. Its power in the correction of the finding of the commissioner is analogous to, and its method of correcting the finding similar to, the power and method of the supreme court in correcting the findings of the trial court. When it appears necessary to protect substantial rights of a party, the court may order a transcript of the evidence and make such findings therefrom and render such judgment therein as it deems the law requires."

[6] Id.

its nature, which was sustained in the course of and arose out of the claimant's employment." The defendants contend that a compensable claim under the act is one which entails a "personal injury" as defined by one of the three categories in General Statutes § 31-275.[7] In view of the case history,[8] we agree with the defendants' assertion that the act's definition of three categories of compensable personal injury is exclusive. In its substituted finding, the court did not find that the claimant had sustained her burden of proving either of the two types of compensable injuries on which her claim was based. The court's memorandum states that proof of the first and third types of compensable personal injuries was not required, only "proof by a fair

[7] See footnote 1 supra.

[8] In *Linnane* v. *Aetna Brewing Co.*, 91 Conn. 158, 162, 99 A. 507 (1961), this court held that occupational diseases were not compensable under the workmen's compensation statute. There we said that " 'personal injury' within the meaning of the Act involves both an accident and a bodily injury, as distinguished from a disease." By the time *Hines* v. *Norwalk Lock Co.*, 100 Conn. 533, 124 A. 17 (1924), was decided, however, the legislature had amended the act to include in the definition of injury any disease which is due to causes peculiar to the occupation and which is not of a contagious, communicable or mental nature. The following year, the court broadened the definition of personal injuries compensable under the act on its own initiative by including contagious diseases. *De la Pena* v. *Jackson Stone Co.*, 103 Conn. 93, 130 A. 89 (1925). But the legislative response was to tighten the definition of a compensable personal injury "to include *only* accidental injury which may be definitely located as to the time when and the place where the accident occurred, and occupational disease as herein defined." Public Acts 1927, c. 307 § 7. (Emphasis added.) In *Madeo* v. *I. Dibner & Brother, Inc.*, 121 Conn. 664, 666-67, 186 A. 616 (1936), this court recognized that "[t]he purpose of the amendment was to limit the scope of the act as it applied to diseases and to include in it only certain types which occupied a definite relationship to the occupation of the employee." The only substantive change in the definition since then has been the addition of the second category of compensable personal injury which is immaterial to this case because the plaintiff does not claim it.

preponderance of the evidence that the disability, whatever its nature, was sustained in the course of and arose out of the claimant's employment." The court's conclusion is in error because it is contrary to the legislature's definition of personal injury.

The defendant's third assignment of error attacks the trial court's order setting aside the commissioner's conclusion that the plaintiff had not sustained her burden of proving that the disease arose out of her employment. "The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." *Adzima* v. *UAC/Norden Division,* 177 Conn. 107, 118, 411 A.2d 924 (1979). To the extent that the commissioner's finding discloses facts, his finding cannot be changed unless the record discloses that the finding includes facts found without evidence or fails to include material facts which are admitted or undisputed. *Wheat* v. *Red Star Express Lines,* 156 Conn. 245, 248, 240 A.2d 859 (1968). In view of the errors found on the first two issues raised by the defendants and the court's refusal to act on the claimant's motion to correct the commissioner's finding which would have been the appropriate course of action in view of its decision to make a substitute finding, it cannot be determined whether the court's order to set aside the commissioner's conclusion was in error.

There is error, the judgment is set aside and the case remanded with direction to reinstate the finding of the commissioner and to proceed on the two appeals in a manner not inconsistent with this opinion.