JOY WISLOCKI *v.* TOWN OF PROSPECT ET AL.
(AC 22146)

Foti, Dranginis and West, Js.

Argued June 3—officially released September 24, 2002

---

*Edward T. Dodd, Jr.*, with whom, on the brief, was *Jonathan H. Dodd*, for the appellant (plaintiff).

*Taka Iwashita*, assistant attorney general, with whom were *Michael J. Belzer*, assistant attorney general, and, on the brief, *Richard Blumenthal*, attorney general, and *William J. McCullough*, assistant attorney general, for the appellant (defendant second injury fund).

*Opinion*

WEST, J. This appeal from the decision of the workers' compensation review board (board) requires us to construe General Statutes (Rev. to 1987) § 31-306 (a) (1)[1] of the Workers' Compensation Act (act), General Statutes § 31-275 et seq., to determine whether the plaintiff, the employee's widow, who was not married to the employee at the time of his injury but who was married to, living with and dependent on him at the time of his death, is entitled to survivor's benefits pursuant to the act. We conclude that she is not so entitled because

---

[1] General Statutes (Rev. to 1987) § 31-306 (a) provides in relevant part: "The following-described persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee and are referred to hereinafter as presumptive dependents: (1) *A wife upon a husband with whom she lives at the time of his injury or from whom she receives support regularly* . . . ." (Emphasis added.)

Effective July 1, 1991, Public Acts 1991, No. 91-32, § 21, repealed § 31-306 (a) and provided for a definition of presumptive dependents in § 1 of that act. That definition, which is codified at General Statutes § 31-275 (19), did not change the language of the Workers' Compensation Act, General Statutes § 31-275 et seq., that is relevant to the plaintiff's appeal.

she was not a presumptive dependent at the time of the employee's injury.

The parties stipulated to and the commissioner found the following facts. On September 29, 1988, Ronald Wislocki, the deceased employee, sustained a compensable heart injury while in the employ of the defendant town of Prospect. At the time, he did not have a wife with whom he resided or for whom he provided regular support. The employee and the employer entered into a voluntary agreement. On November 28, 1994, liability for the employee's benefits was transferred to the defendant second injury fund (fund).

At the time of his injury, the employee did not know Joy Caruso, but she became his wife on September 22, 1990. She is now known as Joy Wislocki (plaintiff). The employee died on January 18, 1999, as a consequence of his compensable heart injury or condition. At the time of his death, the employee was receiving temporary total disability benefits as well as social security disability benefits. At that time, the plaintiff was earning a sum far less than the total of the employee's benefits. She was, therefore, economically dependent in part on the employee and benefiting from funds paid to him. The plaintiff and the employee were married to one another and living together at the time of his death.

Following the employee's death, the plaintiff sought survivor's benefits pursuant to § 31-306 because she was married to the employee and dependent on his financial resources when he died. She claimed that she was entitled to benefits as a presumptive dependent, dependent or dependent in fact. The fund rejected the claim, citing the language of the act, because the plaintiff was not a presumptive dependent, dependent or a dependent in fact due to her lack of a relationship with the employee at the time of his injury.

Citing the relevant sections of the act, the commissioner agreed with the fund and dismissed the claim because at the time of the employee's injury, the plaintiff was not a member of his family or next of kin wholly or partially dependent on him pursuant to General Statutes (Rev. to 1987) § 31-275 (4), was not wholly dependent on him pursuant to § 31-306 (b) (2) and was not a presumptive dependent because she was not married to and living with him or receiving support regularly from him at the time of his injury pursuant to § 31-306 (a) (1). The commissioner also relied on § 31-306 (a) (4), which provides in relevant part that "questions of dependency shall be determined in accordance with the fact, as the fact may be at the time of injury . . . ."

The plaintiff appealed to the board from the commissioner's decision, arguing that she was presumed to be wholly dependent on the decedent pursuant to § 31-306 (a) (1) because subsection (a) includes two categories of widows, namely, those who lived with the employee at the time of the injury and those who received support regularly from the injured employee at the time of his death. The board affirmed the commissioner's decision to dismiss the claim, reasoning that the plaintiff's appeal was controlled by the date of injury rule, citing § 31-306 (b) (6)[2] and *Wheat* v. *Red Star Express Lines*, 156 Conn. 245, 240 A.2d 859 (1968).

We begin our review by setting forth the applicable standard of review. "Our role is to determine whether the review [board's] decision results from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) *Dixon* v.

---

[2] General Statutes (Rev. to 1987) § 31-306 (b) provides in relevant part: "Compensation shall be paid on account of death resulting from an accident arising out of and in the course of employment or from an occupational disease as follows . . . (2) To those wholly dependent upon the deceased employee *at the time of his injury* . . . ." (Emphasis added.)

*United Illuminating Co.*, 57 Conn. App. 51, 54, 748 A.2d 300, cert. denied, 253 Conn. 908, 753 A.2d 940 (2000). "The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . Neither the review board nor this court has the power to retry facts. . . . It is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and the review board." (Citations omitted; internal quotation marks omitted.) *Schiano* v. *Bliss Exterminating Co.*, 57 Conn. App. 406, 411, 750 A.2d 1098 (2000). Our Supreme Court has "determined . . . that the traditional deference accorded to an agency's interpretation of a statutory term is unwarranted when the construction of a statute . . . has not previously been subjected to judicial scrutiny [or to] . . . a governmental agency's time-tested interpretation . . . ." (Internal quotation marks omitted.) *Donahue* v. *Southington*, 259 Conn. 783, 787, 792 A.2d 76 (2002).[3]

The issue raised by the plaintiff on appeal requires us to construe § 31-306 (a) (1). "Statutory construction is a question of law and therefore our review is plenary. . . . [O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles

---

[3] In its decision, the board stated that the specific question presented by the plaintiff's appeal has not been presented to the board or to this state's courts of appeal. We know of no appellate decision that is factually on all fours with the facts here, and the parties have not brought one to our attention.

governing the same general subject matter. . . . As with any issue of statutory interpretation, our initial guide is the language of the operative statutory provisions." (Citations omitted; internal quotation marks omitted.) *Kelly* v. *Bridgeport*, 61 Conn. App. 9, 13–14, 762 A.2d 480 (2000), cert. denied, 255 Conn. 933, 767 A.2d 104 (2001). "The purpose of statutory construction is to give effect to the intended purpose of the legislature. . . . If the language of a statute is plain and unambiguous, we need look no further than the words actually used because we assume that the language expresses the legislature's intent." (Internal quotation marks omitted.) *State* v. *DeFrancesco*, 235 Conn. 426, 435, 668 A.2d 348 (1995).

The substance of the plaintiff's argument is that she is entitled to survivor's benefits because she received support regularly from the employee, her husband, at the time of his death. The plaintiff does not dispute that she did not live with the employee at the time of his injury. She argues that because the words "at the time of his injury" do not follow "from whom she receives support regularly," she is entitled to survivor's benefits pursuant to § 31-306 (3). She also claims that the commissioner's decision, as affirmed by the board, defies the humanitarian purposes of the act and narrowly interprets the law contrary to case law, which states that the act is to be construed liberally to achieve those purposes. See, e.g., *Davis* v. *Forman School*, 54 Conn. App. 841, 844, 738 A.2d 697 (1999).

"In construing a statute, common sense must be used, and courts will assume that the legislature intended to accomplish a reasonable and rational result." (Internal quotation marks omitted.) *King* v. *Board of Education*, 203 Conn. 324, 332–33, 524 A.2d 1131 (1987). "We have previously recognized that our construction of the Workers' Compensation Act should make every part operative and harmonious with every other part insofar

as is possible . . . . In applying these principles, we are mindful that the legislature is presumed to have intended a just and rational result." (Internal quotation marks omitted.) *Duni* v. *United Technologies Corp.*, 239 Conn. 19, 24, 682 A.2d 99 (1996).

We consider the plaintiff's appeal to determine whether she is entitled to survivor's benefits pursuant to § 31-306 (3)[4] on the basis of her claim that as a matter of law, she is a presumptive dependent under § 31-306 (a) (1). See *Whalen* v. *New Haven Pulp & Board Co.*, 127 Conn. 394, 395, 17 A.2d 145 (1940). Section 306 (a) (1) provides that a woman is presumed to be wholly dependent for support on a deceased employee if she is "[a] wife upon a husband with whom she lives *at the time of his injury* or from whom she receives support regularly . . . ." (Emphasis added.)

"Benefits under the [Workers'] Compensation Act are payable only as that act prescribes. To qualify for an award, a claimant must have been a 'dependent' of the employee whose injury or death is the basis of an award. The statutory definition of a dependent is 'a member of the injured employee's family or next of kin who was wholly or partly dependent upon the earnings of the employee *at the time of the injury.*'" (Emphasis added.) *Wheat* v. *Red Star Express Lines*, supra, 156 Conn. 249–50. The definitions of dependents have not changed since the legislature passed the act. "Our Act, as enacted in 1913, defines dependents as meaning and including 'members of the injured employee's family or next of kin who were wholly or partly dependent upon the earnings of the employee *at the time of the injury.*'" (Emphasis added.) *Piccinim* v. *Connecticut Light & Power Co.*, 93 Conn. 423, 424–25, 106 A. 330 (1919).

---

[4] General Statutes (Rev. to 1987) § 31-306 (3) provides: "If the surviving spouse is the sole presumptive dependent, compensation shall be paid until death or remarriage if such should occur."

The definition of a dependent was the same when the employee was injured as when he died.

Although we acknowledge that the language of § 31-306 (a) (1) may be inartful and susceptible to the interpretation suggested by the plaintiff, i.e., two classes of presumptive dependent wives, those living with the employee at the time of injury and those dependent on him for regular support at the time of his death, that interpretation is not plausible in the context of the other sections of the act, which must be harmonized. A presumptive dependent is wholly dependent. General Statutes (Rev. to 1987) § 31-306 (a). Section 31-306 (b) (2) provides that survivor's benefits shall be paid to "those wholly dependent upon the deceased employee *at the time of his injury* . . . ." (Emphasis added.) For purposes of receiving survivor's benefits pursuant to the act, we conclude that a wife is a presumptive dependent of her employee husband only if, at the time of his injury, she lives with him or receives support regularly.[5] The plaintiff here, therefore, is not a presumptive dependent of the employee.

The plaintiff also argues that because the statutes in question do not specifically preclude a person in her position from receiving benefits, they should be liberally interpreted to comport with their humanitarian purpose. That we cannot do. "It is the duty of the court to interpret statutes as they are written . . . and not by construction read into statutes provisions which are not clearly stated." (Citation omitted; internal quotation marks omitted.) *Luce* v. *United Technologies Corp.*, 247 Conn. 126, 133, 717 A.2d 747 (1998).

---

[5] This court can envision a number of different scenarios in which a wife does not live with her husband but receives support from him regularly, e.g., pendente lite orders preliminary to a dissolution of marriage or benefits received pursuant to the act while the husband is confined to a medical facility or incarcerated.

The court's summation in *Wheat* v. *Red Star Express Lines,* supra, 156 Conn. 245, a case presenting facts of a similar sorrowful nature,[6] is compelling. "The Compensation Statute is designed to compensate in a measure for the pecuniary loss sustained by reason of the death of a person to whom the claimant looked for support and while the statute will be liberally construed to effectuate that purpose, it cannot be extended by the courts to include any persons not mentioned in the act, however deserving they may be and however great may be their loss. 9 Schneider, Workmen's Compensation Text (Perm. Ed.) § 1901, p. 6. Since we are dealing with statutory requirements which are imperative and jurisdictional in character, the equitable considerations in this case, although strong, do not permit either the commissioner or the court to vary or change the requirements. The legislative will as expressed in the compensation act is conclusive." (Internal quotation marks omitted.) *Wheat* v. *Red Star Express Lines,* supra, 252–53. For those reasons, we agree with the decision of the board.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.

---

[6] In *Wheat,* claimants were the decedent employee's three young children with whom he did not live and for whom he did not provide support at the time of his employment related death. *Wheat* v. *Red Star Express Lines,* supra, 156 Conn. 246–47.